UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2  CARLO WILSON,

    Defendant.

Case No. 2:16-cr-20460

Hon. Mark A. Goldsmith

_____/

**MOTION FOR ORDER REQUIRING THE GOVERNMENT TO COMPLY
WITH FEDERAL RULES OF EVIDENCE RULES 807 AND 1006**

Carlo Wilson, through counsel, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution and Federal Rules of Evidence 807 and 1006, respectfully moves this Court for an order requiring the government to identify, with specificity, by July 8, 2019, each specific statement it may seek to introduce under Rule 807, whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government.[1] The identification shall specify the exact

---

[1] This Court previously ordered that the government file "notice of intent to offer evidence under Federal Rules of Evidence 404(b), 609, and 807" by July 8, 2019; however, the order does not reflect that the government must do so with specificity. Dkt. 475. So as to avoid the government later claiming that it need only do so generally, the defense brings this motion requiring the government do so

wording of the statement, the name, address and phone number of the declarant, and the basis for the contention that the statement satisfies the requirements for admissibility under Rule 807. Mr. Wilson also moves for an order requiring the government to disclose a reasonable time before trial whether it will seek under Rule 1006 to offer any charts, summaries, or calculations in evidence and, if so, to disclose all such charts, summaries and calculations and all writings, records, or other information on which such charts, summaries or calculations are based.

In support of this motion, Mr. Wilson respectfully states:

1. The grand jury indicted Mr. Wilson in a Second Superseding Indictment filed February 28, 2018. Dkt. 292. Mr. Wilson pled not guilty to the charges. Dkt. 302.

2. The Second Superseding Indictment includes special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591. On March 1, 2018, the government filed it notice of intent to seek a sentence of death against Mr. Wilson. Dkt. 293. Trial is scheduled for April 21, 2020. Dkt. 475.

3. In the Indictment, the government alleges that Mr. Wilson was part of the "6 Mile Chedda Grove" street gang, which appears by the government's allegations to be comprised of young men who grew up within a particular,

---

with specificity.

approximate, square mile area of Detroit, Michigan. The government alleges that this group of young men, eleven of whom are included in the Indictment in this case, participated in illegal narcotics distribution and incorporated various insignia to identify their group. The government alleges a conspiracy involving a pattern of racketeering activity, including murder, robbery, and dealing in controlled substances. Seven of the counts in the Indictment, as alleged by the government, concern Mr. Wilson.

4. Mr. Wilson respectfully moves this Court for an order requiring the government to identify, with specificity, by July 8, 2019, each specific statement it may seek to introduce under Rule 807. Mr. Wilson also moves for an order requiring the government to disclose a reasonable time before trial whether it will seek under Rule 1006 to offer any charts, summaries, or calculations in evidence and, if so, to disclose all such charts, summaries and calculations and all writings, records, or other information on which such charts, summaries or calculations are based.

5. The government, through its Assistant United States Attorney, does not concur in this motion.

Respectfully submitted,


By: s/ Jacqueline K. Walsh
    Jacqueline K. Walsh
    Washington State Bar #21651
    705 2nd Ave., Suite 501
    Seattle, WA  98104
    206-325-7900x5
    Jackie@jamlegal.com
    Attorney for Mr. Wilson


DATED: October 19, 2018

## MEMORANDUM IN SUPPORT OF CARLO WILSON'S
## MOTION FOR ORDER REQUIRING THE GOVERNMENT TO COMPLY
## WITH FEDERAL RULES OF EVIDENCE RULES 807 AND 1006

## Issue Presented

The issue before this Court is whether the government must disclose with specificity by July 8, 2019 each specific statement it may seek to introduce under Fed. R. Evid. 807 and whether the government must disclose a reasonable time before trial whether it will seek to offer any charts, summaries, or calculations in evidence under Fed. R. Evid. 1006 and, if so, to disclose such charts, summaries, or calculations and all information on which they are based.

## Controlling Authority for the Relief Sought

Rules 807 and 1006 of the Federal Rules of Evidence and the Fifth, Sixth, and Eighth Amendments to the United States Constitution.

## ARGUMENT

Rule 807 provides that:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rule and the interests of justice.
>
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid. 807.

"A party seeking to admit a statement under Rule 807 must show that each of the requirements of the rule is met. Rule 807 permits admission of hearsay if (i)

it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Sablan*, No. 00-cr-00531, 2008 WL 700172, at *22 (D. Colo. March 13, 2008) (internal quotations and citation omitted). The notice requirements of the residual hearsay rule are strictly construed. *United States v. Heyward*, 729 F.2d 297, 299 n.1 (4th Cir.1984). Indeed, courts have refused to admit hearsay evidence under the rule solely because the proponent failed to provide the opposing party with the name and address of the declarant. *Akzo Coatings, Inc. v. Aigner Corp.*, 881 F. Supp. 1202, 1212 (N.D. Ind. 1994), aff'd in part, vacated in part by *Akzo Nobel Coatings, Inc. v. Aigner Corp.*, 197 F.3d 302 (7th Cir.1999). *See also Lloyd v. Prof'l Realty Servs., Inc.*, 734 F.2d 1428, 1433-34 (11th Cir. 1984) (excluding testimony under notice provisions because "a trial court following the strict language of the rule to exclude testimony is [not] guilty of an abuse of discretion").

In *United States v. Anh The Duong*, a federal death penalty case, the District Court ordered that upon defendant's request pursuant to Rule 807 the government was required to provide notice as follows:

> Identify each specific statement it may seek to introduce under Rule 807, whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become

> known to the government. The identification shall specify the exact wording of the statement, the name, address and phone number of the declarant, and the basis for the contention that the statement satisfies the requirements for admissibility under Rule 807.

*United States v. Anh The Duong*, No. CR 01-20154, 2010 WL 532513, *12 (N.D. Cal. Feb. 9, 2010).

Mr. Wilson asks for the same notice here.

Regarding Mr. Wilson's request for pretrial disclosure of material under Fed. R. Evid. 1006, it provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.

Although Rule 1006 does not explicitly require pretrial notice of a proponent's intention to introduce a summary exhibit, the rule's requirement that the proponent make the originals available for examination or copying at "a reasonable time and place" implicitly includes such a requirement. "A 'reasonable time and place' has been understood to be such that the opposing party has adequate time to examine the records to check the accuracy of the summary." *United States v. Rangel*, 350 F.3d 648, 651 (7th Cir. 2003). "'Thus, to satisfy the

'made available' requirement, a party seeking to use a summary under Rule 1006 must identify its exhibit as such, provide a list or description of the documents supporting the exhibit, and state when and where they may be reviewed.'" *United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) (quoting *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996)). In *Modena*, the Sixth Circuit ruled that the District Court erred in admitting the government's summaries into evidence under Rule 1006 because the government failed to make the documents underlying the summaries available to the defense for examination or copying. *Id*. The Court noted that "[t]he government . . . had a duty to 'state when and where' the documents underlying its summaries could be viewed." *Id*.

Mr. Wilson moves for an order requiring the government to disclose with specificity, by July 8, 2019, not just generally, whether it will seek to offer any charts, summaries, or calculations in evidence and, if so, to disclose all such charts, summaries and calculations and all writings, records, or other information on which such charts, summaries or calculations are based. Such notice will enable his counsel to check the accuracy of the government's proposed exhibit and bring any objections to the Court's attention before trial.

## CONCLUSION

Carlo Wilson, through counsel, respectfully moves this Court for an order requiring the government to identify with specificity by July 8, 2019, each specific

statement it may seek to introduce under Rule 807, whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government. The identification shall specify the exact wording of the statement, the name, address and phone number of the declarant, and the basis for the contention that the statement satisfies the requirements for admissibility under Rule 807. Mr. Wilson also moves for an order requiring the government to disclose with specificity whether it will seek under Rule 1006 to offer any charts, summaries, or calculations in evidence and, if so, to disclose all such charts, summaries and calculations and all writings, records, or other information on which such charts, summaries or calculations are based.

Respectfully submitted,

By: s/ Jacqueline K. Walsh
Jacqueline K. Walsh
Washington State Bar #21651
705 2nd Ave., Suite 501
Seattle, WA  98104
206-325-7900x5
Jackie@jamlegal.com
Attorney for Mr. Wilson

DATED: October 19, 2018

CERTIFICATE OF SERVICE

I, Jacqueline K. Walsh, hereby certify that on October 19, 2018. I electronically served the forgoing document with the Clerk of the Court using the ECF system which will send notification to all parties.

s/ Jacqueline K. Walsh
Jacqueline K. Walsh