UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2  CARLO WILSON,

    Defendant.

Case No. 2:16-cr-20460

Hon. Mark A. Goldsmith

_____/

**MOTION FOR DISCLOSURE OF EXCULPATORY INFORMATION REGARDING WITNESSES CURTIS GRIMES, COREY MILLS, AND MICHAEL RICHARDSON**

Carlo Wilson, through counsel, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution, respectfully moves this Court for an order requiring the government to disclose to the defense specific exculpatory information, including impeachment information, in its possession regarding witnesses Curtis Grimes, Corey Mills, and Michael Richardson. In support of this motion, Mr. Wilson respectfully states:

    1.    The grand jury indicted Mr. Wilson in a Second Superseding Indictment filed February 28, 2018. Dkt. 292. Mr. Wilson pled not guilty to the charges. ECF No. 302. The initial Indictment had been filed June 22, 2016. Dkt. 1.

2. The Second Superseding Indictment includes special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591. On March 1, 2018, the government filed it notice of intent to seek a sentence of death against Mr. Wilson. Dkt. 293. Trial is scheduled for April 21, 2020. Dkt. 475. Included in the Indictment are charges against ten alleged coconspirators. The discovery received thus far indicates numerous uncharged alleged coconspirators.

3. In the Indictment, the government alleges that Mr. Wilson was part of the "6 Mile Chedda Grove" street gang, which appears by the government's allegations to be comprised of young men who grew up within a particular, approximate, square mile area of Detroit, Michigan. The government alleges that this group of young men, eleven of whom are included in the Indictment in this case, participated in illegal narcotics distribution and incorporated various insignia to identify their group. The government alleges a conspiracy involving a pattern of racketeering activity, including murder, robbery, and dealing in controlled substances. Seven of the counts in the Indictment, as alleged by the government, concern Mr. Wilson.

4. On March 10, 2016, Curtis Grimes was charged in a single-count Indictment with being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Grimes*, no. 2:16-cr-20152, ECF No. 8 (E.D. Mich. March 10, 2016). The discovery disclosed to the defense indicates that Mr. Grimes is an

uncharged alleged coconspirator in Mr. Wilson's case. The discovery indicates that Mr. Grimes was present at the Troester Market on December 1, 2015 (the place of the homicides), and may have in fact been a participant in the shooting incident. Yet Mr. Grimes is not charged. The defense knows Mr. Grimes is a cooperating witness based on filings in state court, which specifically reference cooperation in the federal racketeering indictment. Mr. Grimes pleaded guilty to the federal indictment in case number 2:16-cr-20152 and was sentenced to 40 months imprisonment. *Id*. at Dkt. 50. The Special Conditions of Supervision imposed included conditions requiring Mr. Grimes to participate in substance abuse treatment, if necessary; take medications as prescribed by a physician, including a psychiatrist; enroll and participate in Cognitive Behavior Therapy, if necessary; participate in mental health counseling, if necessary; submit to a psychological/psychiatric evaluation, if necessary. *Id*.

5. On July 10, 2018, co-defendant Corey Mills pleaded guilty to Count 1 of the Second Superseding Indictment. Dkt. 410. On October 10, 2018, Mr. Mills was sentenced to 33 months imprisonment. Dkt. 541. The guidelines sentencing range had been 151 to 188 months imprisonment. Dkt. 529 at 9. The Special Conditions of Supervision imposed included conditions requiring substance abuse treatment and mental health counseling, if necessary. Dkt. 541. Furthermore, Mr. Mills acknowledges suffering from mental illness—specifically, depression and

schizophrenia. Dkt. 529 at 6.

6. On June 12, 2018, co-defendant Michael Richardson pleaded guilty to Counts One and Eighteen of the Second Superseding Indictment. Dkt. 396. On October 10, 2018, Mr. Richardson was sentenced to a total term of 87 months imprisonment. Dkt. 540. The Special Conditions of Supervision imposed included conditions requiring substance abuse treatment, if necessary, and a Cognitive Behavior Therapy program, if necessary. Dkt. 540.

7. Mr. Wilson respectfully moves this Court for an order specifically requiring the government to disclose to the defense all information concerning the substance abuse history and mental health history of witnesses Curtis Grimes, Corey Mills, and Michael Richardson.

8. The government, through its Assistant United States Attorney, does not concur in this motion.

Respectfully submitted,

By: s/ Jacqueline K. Walsh
    Jacqueline K. Walsh
    Washington State Bar #21651
    705 2nd Ave., Suite 501
    Seattle, WA 98104
    206-325-7900x5
    Jackie@jamlegal.com
    Attorney for Mr. Wilson

DATED: October 19, 2018

# MEMORANDUM IN SUPPORT OF CARLO WILSON'S MOTION FOR DISCLOSURE OF EXCULPATORY INFORMATION REGARDING WITNESSES CURTIS GRIMES, COREY MILLS, AND MICHAEL RICHARDSON

## Issue Presented

The issue before this Court is whether the Fifth, Sixth, and Eighth Amendments to the United States Constitution require the government to disclose immediately all substance abuse and mental health information for witnesses Curtis Grimes, Corey Mills, and Michael Richardson.

**Controlling Authority for the Relief Sought**

The Fifth, Sixth, and Eighth Amendments to the United States Constitution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Bagley,* 473 U.S. 667, 675 (1985); *Giglio v. United States,* 405 U.S. 150, 154 (1972).

**DISCOVERY REQUESTS**

Mr. Wilson respectfully requests that the Court order the government to produce all material exculpatory, favorable, helpful or impeachment evidence that is in the possession of the prosecution, or any other federal, state or local agency that has assisted or allied itself with the prosecution in any way (hereinafter "the government"), which could tend to impeach the testimony of witnesses Curtis Grimes, Corey Mills, and Michael Richardson, specifically including all substance abuse and mental health information, including information in the possession of the federal Bureau of Prisons.[1]

**ARGUMENT**

To ensure the fairness and efficiency of these complex proceedings, Mr. Wilson respectfully requests that this Court compel the prosecution to produce immediately all exculpatory material, favorable or impeachment evidence, in its possession or known to them and to produce any such evidence obtained in the

---

[1] Mr. Wilson files concurrently with this motion a separate Motion for Exculpatory Information, which covers the material requested in this motion. He files this motion to identify specifically certain information to which he is entitled.

future as soon as it becomes available regarding witnesses Curtis Grimes, Corey Mills, and Michael Richardson.

> **A. The prosecution's discovery obligation extends to all material, exculpatory, favorable or impeachment evidence, whether admissible or not.**

The Due Process Clause of the Fifth Amendment of the United States Constitution requires the prosecution to disclose all evidence that favors the defendant which is material to the issue of guilt or which could impeach the testimony of any witness. *Brady v. Maryland,* 373 U.S. 83, 87 (1963); *see also United States v. Robinson,* 39 F.3d 1115, 1118 (10th Cir. 1994). "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87; *see Thomas v. Westbrooks*, 849 F.3d 659, 663 (6th Cir. 2017) (recognizing "material" in *Brady* context to mean evidence "relevant to demonstrate bias").

Due process requires the disclosure of all material exculpatory, favorable or impeachment evidence which "if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley,* 473 U.S. 667, 675 (1985). The Supreme Court has emphasized that impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *Id.* at 676-77; *see also Kyles v. Whitley,* 514 U.S. 419, 433 (1995); *Robinson v. Mills,* 592 F.3d 730, 735 (6th Cir. 2010). "The jury's estimate

of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois,* 360 U.S. 264, 269 (1959). Thus, evidence which would impeach the testimony of any witness who testifies at trial is favorable to the accused and must be disclosed upon request. *Giglio v. United States,* 405 U.S. 150, 154 (1972).

While it is clear that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland,* 386 U.S. 66, 74 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial so long as it is material to the preparation of the defense. *See Sellers v. Estelle,* 651 F.2d 1074, 1077 n.6 (5th Cir. 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

Mr. Wilson contends that all of the requested information must be disclosed. The Sixth Circuit recognizes that a government witness's "history of mental illness" is favorable impeachment material. *Brooks v. Tennessee*, 626 F.3d 878, 891 (6th Cir. 2010); *see Wilson v. Beard*, 589 F.3d 651, 664-65 (6th Cir. 2009) (recognizing that evidence of a witness's mental health history is favorable and

material impeachment evidence); *see also United States v. D-2 Autumn Ridge Home Health Care, Inc.*, No. 06-CR-20062, 2007 WL 118942, at *1 (E.D. Mich. Jan. 10, 2007) (ordering the government to produce pursuant to *Giglio* the mental health records of a co-defendant and witness). The evidence of witnesses Grimes's, Mills's, and Richardson's histories of substance abuse and mental health is favorable impeachment evidence that must be disclosed to the defense.

> **B. The prosecution should immediately disclose to the defense all the requested material regarding witnesses Curtis Grimes, Corey Mills, and Michael Richardson falling within the strictures of *Brady* and its progeny to ensure Mr. Wilson has adequate time to prepare his defense.**

The Supreme Court has never precisely pinpointed the time at which the disclosure under *Brady* must be made. It is abundantly clear, however, that disclosure by the government "must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure." *United States v. Pollack,* 534 F.2d 964, 973 (D.C. Cir. 1976). "Manifestly, a more lenient disclosure burden on the government would drain *Brady* of all vitality." *United States v. Elmore,* 423 F.2d 775, 779 (5th Cir. 1970).

This Court recognizes that regardless of whether a defendant is entitled under the federal rules to pretrial disclosure of *Brady* material, the Court "has discretion to order disclosure of *Brady* material prior to the time disclosure is required in order to avoid a constitutional violation," even of *Brady* material that

also constitutes Jencks Act material. *United States v. Watson*, 787 F.Supp.2d 667, 674 (E.D. Mich. 2011); *see United States v. Hayes*, 376 F.Supp.2d 736, 739 (E.D. Mich. 2005) ("[T]he Court retains the inherent authority to order the disclosure of *Brady* material prior to or during trial."). Apart from generally "the valuable role that knowledge of *Brady* information has in permitting defendants to prepare a vigorous defense and thus preserving a criminal defendant's right to a fair trial," *Watson*, 787 F.Supp.2d at 674, in the specific context of this case, considering the wide-ranging conspiracy the government alleges—spanning ten years and across state lines—the need for immediate disclosure of *Brady* material is particularly acute.

Mr. Wilson is preparing to defend himself against a government that seeks his death. When the government seeks to take the life of the defendant, the Eighth Amendment of the United States Constitution demands that the criminal proceeding conform to a heightened standard of reliability. *Stringer v. Black,* 503 U.S. 222, 230 (1992). In the complexity of this death penalty case, where the evidence is particularly voluminous—over 100,000 pages of discovery disclosed in addition to numerous videos and audio recordings—and the allegations encompass numerous charged and uncharged coconspirators allegedly engaged in criminal conduct over the course of ten years and in multiple states, early disclosure of *Brady* material enables counsel to provide effective assistance, promotes a fair

process, assures greater reliability in the outcome, ultimately helping "to ensure the effective administration of the criminal justice system," which is a basis that this Court recognizes for ordering pretrial *Brady* disclosure. *Watson*, 787 F.Supp.2d at 674 (internal quotations and citation omitted).

The disclosures requested herein should be made as soon as the evidence becomes known to the prosecution to enable Mr. Wilson to prepare his defense. The failure of the government to provide such evidence in a timely manner may deny Mr. Wilson the opportunity to adequately prepare his defense, which constitutes a denial of due process and effective assistance of counsel.

## CONCLUSION

Carlo Wilson, through counsel, respectfully requests that this Court order the government to produce immediately the requested material regarding witnesses Curtis Grimes, Corey Mills, and Michael Richardson.

Respectfully submitted,

By: s/ Jacqueline K. Walsh
Jacqueline K. Walsh
Washington State Bar #21651
705 2nd Ave., Suite 501
Seattle, WA  98104
206-325-7900x5
Jackie@jamlegal.com
Attorney for Mr. Wilson

Dated:  October 19, 2018

CERTIFICATE OF SERVICE

I, Jacqueline K. Walsh, hereby certify that on October 19, 2018. I electronically served the forgoing document with the Clerk of the Court using the ECF system which will send notification to all parties.

s/ Jacqueline K. Walsh  
Jacqueline K. Walsh