UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2  CARLO WILSON,

    Defendant.

_____/

Case No. 2:16-cr-20460

Hon. Mark A. Goldsmith

**MOTION FOR AN ORDER REQUIRING THE GOVERNMENT
TO COMPLY WITH RULE 12(b)(4)(B)**

Carlo Wilson, through counsel, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution and Federal Rules of Criminal Procedure 12(b)(4)(B) and 16, respectfully moves this Court for an order requiring the government to disclose to the defense the following:

(1)    notice of any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its case-in-chief at guilt or penalty trial, and which evidence may be the subject of a motion for suppression pursuant to Rule 12(b)(3)(C). Such notice will include but not be limited to:

(a)    Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure

regarding defendant or any cooperating witness;

(b)  Evidence that was obtained through the execution of any warrant, or that relates to or was derived from any such warrant regarding defendant or any cooperating witness;

(c)  Evidence that was obtained through any electronic, visual, or mechanical surveillance, or that relates to or was derived from any such surveillance regarding defendant or any cooperating witness, including but not limited to any type of interception of any phone communication, conversation with another person, or physical activity;

(d)  Evidence that was obtained through any use of a beeper, GPS, cell site location, or other tracking device, or that relates or was derived from any such beeper or other tracking device regarding defendant or any cooperating witness;

(e)  Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding defendant or any cooperating witness;

(f)  Any evidence relating to any identification procedure regarding the defendant or any cooperating witness including but not limited to the exhibition or display of the defendant's or any or any cooperating witness' photograph, likeness, image, or voice recording to anyone regarding defendant or any cooperating witness; any lineup that included defendant or any cooperating witness; and any production of a composite regarding defendant or any cooperating witness.

(g)  Any written, recorded, or oral statements of the defendant or any cooperating witness, or any other written, recorded, or oral statements by others intended to be offered as a statement of the defendant or any cooperating witness.

In support of this motion, Mr. Wilson states:

1.  The grand jury indicted Mr. Wilson in a Second Superseding Indictment filed February 28, 2018. Dkt. 292. Mr. Wilson pled not guilty to the

charges. Dkt. 302.

2. The Second Superseding Indictment includes special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591. On March 1, 2018, the government filed it notice of intent to seek a sentence of death against Mr. Wilson. Dkt. 293. Trial is scheduled for April 21, 2020. Dkt. 475. Included in the Indictment are charges against ten alleged coconspirators. The discovery received thus far indicates numerous uncharged alleged coconspirators.

3. In the Indictment, the government alleges that Mr. Wilson was part of the "6 Mile Chedda Grove" street gang, which appears by the government's allegations to be comprised of young men who grew up within a particular, approximate, square mile area of Detroit, Michigan. The government alleges that this group of young men, eleven of whom are included in the Indictment in this case, participated in illegal narcotics distribution and incorporated various insignia to identify their group. The government alleges a conspiracy involving a pattern of racketeering activity, including murder, robbery, and dealing in controlled substances. Seven of the counts in the Indictment, as alleged by the government, concern Mr. Wilson. Thus far, the government has produced well in excess 100,000 pages of discovery, in addition to large video files and audio recordings.

4. Mr. Wilson respectfully moves this Court for an order requiring the government to provide notice of any and all evidence or information, including all

information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its case-in-chief at guilt or penalty trial, and which evidence may be the subject of a motion for suppression pursuant to Rule 12(b)(3)(C).

5. The government, through its Assistant United States Attorney, does not concur in this motion.

                                          Respectfully submitted,

                                  By: s/ Jacqueline K. Walsh
                                          Jacqueline K. Walsh
                                          Washington State Bar #21651
                                          705 2nd Ave., Suite 501
                                          Seattle, WA 98104
                                          206-325-7900x5
                                          Jackie@jamlegal.com
                                          Attorney for Mr. Wilson

DATED: October 19, 2018

## MEMORANDUM IN SUPPORT OF CARLO WILSON'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO COMPLY WITH RULE 12(b)(4)(B)

### Issue Presented

The issue before this Court is whether the government must provide notice of any and all evidence which it contemplates or considers using in its case-in-chief at guilt or penalty trial, and which evidence may be the subject of a motion for suppression pursuant to Rule 12(b)(3)(C).

## Controlling Authority for the Relief Sought

Rules 12(b)(4)(B) and 16 of the Federal Rules of Criminal Procedure, and the Fifth, Sixth, and Eighth Amendments to the United States Constitution. *See also United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995).

## ARGUMENT

Rules 12(b)(4)(B) provides that:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B).

The purpose of Rule 12(b)(4)(B) is to provide notice to the defense of which evidence, amongst the voluminous discovery provided, the government intends to use at trial. *United States v. de la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995) (internal quotations and citation omitted) (stating that then-Rule 12(d)(2), equivalent to now-Rule 12(b)(4)(B), "creates a notice requirement," and the government satisfies the requirement when it "specif[ies] which evidence[it] intends to use at trial."). As stated in advisory committee notes to the 1974 amendment to Rule 12, "[a]lthough the defendant is already entitled to discovery of such evidence prior to trial under rule 16, rule 12 makes it possible for him to

avoid the necessity of moving to suppress evidence which the government does not intend to use." Few circuits have addressed the notice requirements of Rule 12(b)(4)(B), but in *Cruz-Paulino*, the appellate case most on point, the First Circuit held that providing open-file discovery does not satisfy Rule 12(b)(4)(B). *Cruz–Paulino*, 61 F.3d at 993.

In *Cruz–Paulino*, the government designated certain evidence for trial and stated that any other evidence would be noticed before trial. *See id.* at 992. The government, however, failed to notify the defendants that it intended to introduce two specific pieces of evidence. *See id*. In holding that the government violated then Rule 12(d)(2), the First Circuit reasoned:

> To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial. Providing open-file discovery does not satisfy Rule 12(d)(2) because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial.

*Id.* at 993 (internal quotations and citations omitted); *see also United States v. Cheatham*, 500 F.Supp.2d 528, 534–35 (W.D. Pa. 2007) ("[W]hen the Government has an open file policy with regard to its prosecution, this policy does not comply with Rule 12(b)(4)(B) 'because it does not specify which evidence the government intends to use at trial.'") (quoting *Cruz–Paulino*, 61 F.3d at 993); *United States v.*

*Anderson*, 416 F.Supp.2d 110, 112 n.1 (D. D.C. 2006) (rejecting government's argument that it satisfied Rule 12(b)(4)(B) by providing open-file discovery and giving notice that it intended to use all of materials provided to defendant pursuant to that policy, and stating that the notice must consist of "the evidence that will appear on the government's exhibit list for trial."); *United States v. De Rong Shang*, No. 2:11-cr-00110, 2012 WL 194418, at *6 (D. Nev. Jan. 23, 2012) ("With regard to the intent-to-use evidence, the government is ordered to provide the defendant with notice of any evidence it intends to use in its 'evidence-in-chief' . . . ."). Mr. Wilson urges the Court to follow *Cruz–Paulino* and the district court cases which have adhered to it because these cases are consistent with, and are mandated by, the plain language of the statute (" . . . notice of the [its] intent to use (in its evidence-in-chief at trial) any evidence . . . .").

The notice requested in this motion has not been disclosed to the defense.

## CONCLUSION

Carlo Wilson, through counsel, respectfully requests that the Court order the government to disclose to the defense notice of the evidence it intends to use in its case-in-chief at guilt and penalty trial as specified herein.

        Respectfully submitted,

By: s/ Jacqueline K. Walsh
     Jacqueline K. Walsh
     Washington State Bar #21651
     705 2nd Ave., Suite 501
     Seattle, WA  98104
     206-325-7900x5
     Jackie@jamlegal.com
     Attorney for Mr. Wilson

DATED:  October 19, 2018

## CERTIFICATE OF SERVICE

    I, Jacqueline K. Walsh, hereby certify that on October 19, 2018. I electronically served the forgoing document with the Clerk of the Court using the ECF system which will send notification to all parties.

        s/ Jacqueline K. Walsh
        Jacqueline K. Walsh