UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2  CARLO WILSON,

    Defendant.

Case No. 2:16-cr-20460

Hon. Mark A. Goldsmith

_____/

**MOTION FOR EARLY DISCLOSURE OF PRIOR ACTS EVIDENCE**

Carlo Wilson, through counsel, pursuant to the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution and Rules 104 and 404 of the Federal Rules of Evidence, respectfully moves this Court for an order requiring the government to disclose with specificity by July 8, 2019, any Fed. R. Evid. 404(b) evidence it intends to offer against Mr. Wilson at trial.[1] Mr. Wilson further requests that the Court order the government to include in its 404(b) disclosure each other crime, wrong, or act that it intends to introduce or may introduce at trial whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or

---

[1] This Court ordered disclosure of Rule 404(b) evidence by July 8, 2019; however, the order does not require that the government do so with specificity. Dkt. 475. The order only states that the government must "give notice of intent to offer evidence under Federal Rules of Evidence 404(b) . . . ." *Id*.

by the exercise of due diligence could become known to the government and that such identification include the nature of the incident; the date, time and place of the incident; all persons who may testify regarding such incident including their name, address, and phone number; and all persons having knowledge of such incident including their names, addresses, and phone numbers.

In support of this motion, Mr. Wilson respectfully states:

1. The grand jury indicted Mr. Wilson in a Second Superseding Indictment filed February 28, 2018. Dkt. 292. Mr. Wilson pled not guilty to the charges. Dkt. 302.

2. The Second Superseding Indictment includes special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591. On March 1, 2018, the government filed it notice of intent to seek a sentence of death against Mr. Wilson. Dkt. 293. Trial is scheduled for April 21, 2020. Pursuant to the Scheduling Order, this Court required the government to produce all Rule 16 discovery materials regarding culpability by September 28, 2018. Dkt. 475. To date, the government has disclosed well in excess 100,000 pages, including some duplicate documents, in addition to large video files and audio recordings.

3. In the Indictment, the government alleges that Mr. Wilson was part of the "6 Mile Chedda Grove" street gang, which appears by the government's

Case 2:16-cr-20460-MAG-RSW   ECF No. 560, PageID.3055   Filed 10/19/18   Page 3 of 10

allegations to be comprised of young men who grew up within a particular, approximate, square mile area of Detroit, Michigan. The government alleges that this group of young men, eleven of whom are included in the Indictment in this case, participated in illegal narcotics distribution and incorporated various insignia to identify their group. The government alleges a conspiracy involving a pattern of racketeering activity, including murder, robbery, and dealing in controlled substances. Seven of the counts in the Indictment, as alleged by the government, concern Mr. Wilson. The discovery disclosed thus far indicates numerous uncharged coconspirators and numerous cooperating witnesses.

4. Mr. Wilson respectfully requests that the Court enter an order requiring the government to disclose with specificity by July 8, 2019, any evidence under Fed. R. Evid. 404(b) it intends to offer against Mr. Wilson at trial.

5. The government, through its Assistant United States Attorney, does not concur in this motion.

>Respectfully submitted,
>
>By: s/ Jacqueline K. Walsh
>    Jacqueline K. Walsh
>    Washington State Bar #21651
>    705 2nd Ave., Suite 501
>    Seattle, WA  98104
>    206-325-7900x5
>    Jackie@jamlegal.com
>    Attorney for Mr. Wilson

DATED: October 19, 2018

## MEMORANDUM IN SUPPORT OF CARLO WILSON'S
## MOTION FOR EARLY DISCLOSURE OF PRIOR ACTS EVIDENCE

### Issue Presented

The issue before this Court is whether the government must disclose with specificity by July 8, 2019, any Fed. R. Evid. 404(b) evidence it intends to offer against Mr. Wilson at trial.

## Controlling Authority for the Relief Sought

Fed. R. Evid. 404(b) and the Fifth, Sixth, and Eighth Amendments to the United States Constitution.

## ARGUMENT

Rule 404(b)(2) of the Federal Rules of Evidence states: "On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). To permit Mr. Wilson's counsel to meaningfully respond to the government's evidence, Mr. Wilson requests that the Court order the government to disclose, with specificity, by the date previously ordered by this Court each other crime, wrong, or act that it intends to introduce or may introduce at trial whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government.

For each incident the notice should include the nature of the incident; the date, time and place of the incident; all persons who may testify regarding such incident including their name, address, and phone number; and all persons having knowledge of such incident including their names, addresses and phone numbers. *See United States v. Anh The Duong*, No. CR 01-20154, 2010 WL 532513, at *11

(N.D. Cal. Feb. 9, 2010) (in a federal death case, granting discovery of similar request for information related to proposed 404(b) evidence).

As the commentary accompanying the 1991 Amendments to the Rule indicates, "no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." Fed. R. Evid. 404(b), Advisory Committee Notes (1991 Amend.). The circumstances of this case justify a requirement of a significant period of pretrial notice with specificity. First, the government is seeking Mr. Wilson's death, and therefore the proceedings must adhere to a heightened degree of reliability. Second, the Second Superseding Indictment outlines numerous overt acts that the government suggests were in furtherance of the alleged conspiracy charged in Count One. Based on review of discovery provided thus far, the defense believes the government likely will seek to introduce into evidence uncharged acts under Rule 404(b).

The defense investigation of whatever prior acts are noticed by the government likely will require intensive and difficult investigative work. In light of the purpose of the notice requirement—to "reduce surprise and promote early resolution on the issue of admissibility," Fed. R. Evid. 404(b), Advisory Committee Notes (1991 Amend.)—Mr. Wilson's counsel request notice with specificity by July 8, 2019, of any potential 404(b) evidence. This will allow

counsel to complete their investigation of the proposed 404(b) evidence and file a timely motion to exclude any evidence that does not satisfy the requirements of the rule, while also allowing sufficient time for the government to respond and the Court to rule on that motion before trial.

Improper admission of Rule 404(b) evidence may deprive a defendant of his rights to due process and a fair trial. U.S. Const., amends. V, VI, and VIII; *Huddleston v. United States*, 485 U.S. 681, 691 (1988) (noting that the Court "share[d] petitioner's concern that unduly prejudicial evidence might be introduced under Rule 404(b)"); *United States* v. *Burkhart,* 458 F.2d 201, 205 (10th Cir. 1972) (recognizing that "it is clear that the problem [of prior bad acts evidence] is not a simple evidentiary one, but rather goes to the fundamental fairness and justice of the trial itself"). Further, improper admission of such evidence may constitute reversible error. *See United States v. Corsmeier*, 617 F.3d 417, 420-22 (6th Cir. 2010) (ruling evidence of past cocaine use inadmissible under Rule 404(b) and reversing for new trial); *United States v. Bakke*, 942 F.2d 977, 981-83 (6th Cir. 1991) (reversing for new trial where trial court improperly admitted evidence under Rule 404(b) when evidence was not relevant to any contested issue); *United States v. Zelinka*, 862 F.2d 92, 98-100 (6th Cir. 1988) (rejecting government's argument that uncharged conduct after conspiracy ended constituted Rule 404(b) evidence and reversing for new trial).

The Sixth Circuit has developed rigorous criteria for the admission of other crimes, wrongs, or bad acts pursuant to Rule 404(b). A trial court must first determine whether "there is sufficient evidence the 'other acts' took place." *Corsmeier*, 617 F.3d at 420. Then "it must determine whether those other acts are admissible for a proper purpose." *Id*. The Sixth Circuit "has insisted that the use of other crimes evidence be confined to the purposes listed in the rule." *Zelinka*, 862 F.2d at 99. Finally, the trial court "must determine whether the 'other acts' evidence is more prejudicial than probative." *Corsmeier*, 617 F.3d at 420. If the trial court determines that the government has met its burden of presenting evidence under Rule 404(b), "the court must 'clearly, simply, and correctly' instruct the jury as to the specific purpose for which [it] may consider the evidence." *United States v. Wells*, 211 F.3d 988, 998-99 (6th Cir. 2000) (internal quotation and citation omitted).

Requiring the government to give notice with specificity to Mr. Wilson will allow sufficient time for the defense to identify and draw to the Court's attention any deficiencies in the government's proposed evidence and for the Court to carefully consider that evidence, as the Sixth Circuit requires. A pretrial determination of the admissibility of the government's proposed evidence not only decreases the likelihood of reversible error at trial, it also assists the parties in focusing their trial preparation efforts.

## CONCLUSION

Carlo Wilson, through counsel, respectfully requests that the Court order the government to disclose, with specificity, any Rule 404(b) evidence it intends to use at trial by July 8, 2019, not to just "give notice" generally. Mr. Wilson further requests that the Court order the government to include in its 404(b) disclosure each other crime, wrong, or act that it intends to introduce or may introduce at trial whether during its case-in-chief or in impeachment or rebuttal, the existence of which is known, or by the exercise of due diligence could become known to the government and that such identification include the nature of the incident; the date, time and place of the incident; all persons who may testify regarding such incident including their names, addresses, and phone numbers; and, all persons having knowledge of such incident including their names, addresses and phone numbers.

        Respectfully submitted,

By: s/ Jacqueline K. Walsh
    Jacqueline K. Walsh
    Washington State Bar #21651
    705 2nd Ave., Suite 501
    Seattle, WA  98104
    206-325-7900x5
    Jackie@jamlegal.com
    Attorney for Mr. Wilson

DATED:  October 19, 2019

CERTIFICATE OF SERVICE

I, Jacqueline K. Walsh, hereby certify that on October 19, 2019. I electronically served the forgoing document with the Clerk of the Court using the ECF system which will send notification to all parties.

s/ Jacqueline K. Walsh
Jacqueline K. Walsh
