UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 16-cr-20460

v.

                                    HON. MARK A. GOLDSMITH

EDWIN MILLS, et al.,

        Defendants.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT PATRICK JOHNSON'S AND DEFENDANT CARLO**
**WILSON'S MOTIONS FOR PRETRIAL DISCLOSURE OF JENCKS ACT MATERIAL**
**(Dkts. 349, 556)**

       This matter is before the Court on Defendant Patrick Johnson's and Defendant Carlo

Wilson's motions for pretrial disclosure of material covered under the Jencks Act, 18 U.S.C.

§ 3500 (Dkt. 349, 556, respectively).[1] The Government has filed a response to each motion (Dkts.

507, 577, respectively), to which Wilson replied (Dkt. 612).[2] For the reasons discussed below, the

Court denies the motions.

## I. BACKGROUND

       A federal grand jury returned a second superseding indictment on February 28, 2018,

charging the eleven defendants in this case with various crimes, including violations of the

Racketeering Influenced and Corrupt Organizations Act (the "RICO" Act), 18 U.S.C. § 1961 et

---

[1] Defendants Edwin Mills, Carlo Wilson, Lomnil Jackson, and Donell Thompson have each filed
a notice of joinder concurring in the relief sought in Johnson's motion. See Notices of Joinder
(Dkt. 429, Mills; Dkt. 434, Wilson; Dkt. 481, Jackson; Dkt. 483, Thompson).

[2] Because oral argument will not aid the decisional process, these motions will be decided based
on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

seq.  See generally 2d Superseding Indictment (Dkt. 292).  That indictment claims that Defendants were members and associates of a criminal enterprise — the "6 Mile Chedda Grove" street gang in Detroit — one of whose purposes was to "preserv[e] and protect[] the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and threats of violence."  Id. at 2, 6.  The indictment further alleges that the enterprise's profits derived primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine.  Id. at 5.  The sale and distribution alleged was not limited to Michigan; gang members and associates purportedly sold and distributed controlled substances in Ohio, Kentucky, Tennessee, Alabama, and West Virginia.  Id.

Five of the eleven defendants have since pleaded guilty.[3]  The six remaining defendants have been separated into two groups with separate trial dates.  See 8/7/2018 Order (Dkt. 425). Group One, composed of four defendants who are not subject to the death penalty upon conviction, has a trial date of April 23, 2019.  See Group One Scheduling Order (Dkt. 464); 9/21/2018 Status Conference (finalizing Group One trial date).  Group Two, composed of two defendants who are death-penalty eligible, has a trial date of April 21, 2020.  See Group Two Scheduling Order (Dkt. 475).

Defendant Patrick Johnson belongs to Group One and has been charged with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  See 2d Superseding Indictment at 2. Defendant Carlo Wilson belongs to Group Two and has been charged with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); two counts of using and carrying a firearm

---

[3] These five defendants include Mario Jackson, Michael Richardson, Corey Mills, Devontae Russell, and Phillip Peaks.

2

during and in relation to a crime of violence causing death in violation of 18 U.S.C. §§ 924(c) and 924(j); two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). See generally id. On March 1, 2018, the Government filed its notice of intent to seek a sentence of death against Wilson (Dkt. 293).

## II.  STANDARD OF DECISION

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted.  For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)).  The first is the Brady doctrine, derived from Brady v. Maryland, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness.  Watson, 787 F. Supp. 2d at 672 & n.5. The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony."  Watson, 787 F. Supp. 2d at 672 (citation and quotation marks omitted); Presser, 844 F.2d at 1285 ("[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions."). The third is the Jencks Act, which "'generally requires the government, on motion of a defendant,

to produce statements in its possession of witnesses who testify at trial.'" Watson, 787 F. Supp. 2d at 672 (quoting United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982)); 18 U.S.C. § 3500(b);[4] see also United States v. Davis, 306 F.3d 398, 421 (6th Cir. 2002) ("When Brady material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure."); Presser, 844 F.2d at 1282-1285 (holding that neither Brady, Giglio v. United States, 405 U.S. 150 (1972), nor Rule 16 gives a defendant the right to broad pretrial discovery of impeachment evidence, the disclosure of which is instead controlled by the Jencks Act).

### III. DISCUSSION

Johnson and Wilson argue that any Jencks Act material should be disclosed sixty days before their respective trials to ensure fundamental fairness and avoid violating their rights to due process and effective assistance of counsel. See generally Def. Johnson Br. at 1-3 (Dkt. 349); Def. Wilson Br. at PageID.3014-3016 (Dkt. 556). The plain language of the Jencks Act, however, prohibits a district court from ordering disclosure of this material before the witness has testified on direct examination. See 18 U.S.C. § 3500(a);[5] see also United States v. Fletcher, 295 F. App'x 749, 753 (6th Cir. 2008) ("[A]ny [Jencks Act] materials disclosed prior to trial exceeded the

---

[4] Section 3500(b) provides, in full: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." (Emphasis added).

[5] Section 3500(a) provides, in full: "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." (Emphasis added).

government's obligation under the Act."); <u>United States v. Boykins</u>, 915 F.2d 1573 (Table), at *5 (6th Cir. 1990) ("The Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court has no discretion to require disclosure of Jencks Act material before a witness testifies." (citing <u>United States v. Algie</u>, 667 F.2d 569, 571 (6th Cir. 1982)); <u>Presser</u>, 844 F.2d at 1283 ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the [Jencks] Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial."); <u>Watson</u>, 787 F. Supp. 2d at 673 ("[T]he Jencks Act prohibits a court from ordering disclosure of Jencks material before the witness has testified in direct examination."). Because this Court lacks the authority to compel pretrial disclosure of Jencks Act material, Johnson's and Wilson's motions are denied.[6]

## IV. CONCLUSION

For the reasons stated above, the Court denies Johnson's and Wilson's motions for pretrial disclosure of material covered under the Jencks Act (Dkt. 349, 556).

SO ORDERED.

Dated: January 2, 2019               s/Mark A. Goldsmith
       Detroit, Michigan               MARK A. GOLDSMITH
                                       United States District Judge

---

[6] The Sixth Circuit has recognized that, although there is no obligation to disclose Jencks Act material before trial, the "better practice . . . is for the government to produce such material well in advance of trial so that defense counsel may have an adequate opportunity to examine that which is not in dispute and the court may examine the rest <u>in camera</u>, usually in chambers." <u>United States v. Minsky</u>, 963 F.2d 870, 876 (6th Cir. 1992). Here, the Government has agreed to disclose this material thirty days before trial, "unless there are specific and concrete safety concerns for a particular witness." Gov't Resp. to Def. Johnson at 3 (Dkt. 507); Gov't Resp. to Def. Wilson at 4 (Dkt. 577). At the respective final pretrial conferences for Group One and Group Two, the Court will address and confirm the timing for turning over Jencks Act materials as to specific witnesses.