UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN MILLS, et al.,

    Defendants.

_____/

Case No. 16-cr-20460

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING DEFENDANT CARLO WILSON'S MOTION FOR ORDER REQUIRING
THE GOVERNMENT TO COMPLY WITH RULE 12(b)(4)(B) (Dkt. 559)**

This matter is before the Court on Defendant Carlo Wilson's motion for an order requiring the Government to comply with Federal Rule of Criminal Procedure 12(b)(4)(B) (Dkt. 559).[1] The Government has filed a response in opposition to the motion (Dkt. 595), to which Wilson replied (Dkt. 610).[2] For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

A federal grand jury returned a second superseding indictment on February 28, 2018, charging the eleven defendants in this case with various crimes, including violations of the Racketeering Influenced and Corrupt Organizations Act (the "RICO" Act), 18 U.S.C. § 1961 et seq. See generally 2d Superseding Indictment (Dkt. 292). That indictment claims that Defendants were members and associates of a criminal enterprise — the "6 Mile Chedda Grove" street gang

---

[1] Defendant Donell Thompson filed a notice of joinder concurring in the relief sought in Wilson's motion. See Notice of Joinder (Dkt. 566).

[2] Because oral argument will not aid the Court's decisional process, Wilson's motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

in Detroit — one of whose purposes was to "preserv[e] and protect[] the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and threats of violence." Id. at 2, 6. The indictment further alleges that the enterprise's profits derived primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine. Id. at 5. The sale and distribution alleged was not limited to Michigan; gang members and associates purportedly sold and distributed controlled substances in Ohio, Kentucky, Tennessee, Alabama, and West Virginia. Id.

Five of the eleven defendants have since pleaded guilty.[3] The six remaining defendants have been separated into two groups with separate trial dates. See 8/7/2018 Order (Dkt. 425). Group One, composed of four defendants who are not subject to the death penalty upon conviction, has a trial date of April 23, 2019. See Group One Scheduling Order (Dkt. 464); 9/21/2018 Status Conference (finalizing Group One trial date). Group Two, composed of two defendants who are death-penalty eligible, has a trial date of April 21, 2020. See Group Two Scheduling Order (Dkt. 475).

Defendant Carlo Wilson belongs to Group Two and has been charged with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); two counts of using and carrying a firearm during and in relation to a crime of violence causing death in violation of 18 U.S.C. §§ 924(c) and 924(j); two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). See generally 2d Superseding

---

[3] These five defendants include Mario Jackson, Michael Richardson, Corey Mills, Devontae Russell, and Phillip Peaks.

Indictment. On March 1, 2018, the Government filed its notice of intent to seek a sentence of death against Wilson (Dkt. 293).

## II. DISCUSSION

Federal Rule of Criminal Procedure 12(b)(4) is a procedural device that addresses the Government's obligation to provide notice of its intent to use specific evidence at trial that may be subject to a defendant's pretrial motion to suppress under Rule 12(b)(3)(C), either at the Government's own discretion, see Fed. R. Crim. P. 12(b)(4)(A), or upon the defendant's request, see Fed. R. Crim. P. 12(b)(4)(B).[4] Rule 12(b)(4)(B) specifically provides that

> [a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Wilson requests an order requiring the Government to provide him with notice of its intent to use in its case-in-chief specific categories of evidence identified in his briefing that may be the subject of a motion to suppress. See generally Def. Mot. at PageID.3044-3045; Def. Reply at 2-4. The Court agrees that such notice is required here.

Although the plain language of Rule 12(b)(4)(B) appears to lack the necessary imperative to afford Wilson the relief he has requested, the Advisory Committee's Notes clearly indicate that this rule is meant to require the Government, either on its own initiative or upon a defendant's request, to "notify the defendant of its intention to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence." Fed. R. Crim. P. 12 advisory committee's note (reaffirming for 2002 amendments that Rule 12(b)(4)(B) "addresses the

---

[4] The 2002 amendments replaced the former Rule 12(d)(2) with Rule 12(b)(4)(B). See United States v. Smith, 277 F. App'x 187, 191 n.3 (3d Cir. 2008).

government's requirement to disclose discoverable information for the purpose of facilitating timely defense objections and motions").

However, the notice requirement of Rule 12(b)(4)(B) is only triggered when a defendant's request identifies specific evidence that is potentially suppressible. United States v. Conyers, No. S13 15-CR-537 (VEC), 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016); United States v. Ishak, 277 F.R.D. 156, 159 (E.D. Va. 2011). In other words, the defendant must first identify specific evidence discoverable under Rule 16 that may be the subject of a future suppression motion before the Government must provide notice of whether it intends to offer that specified evidence during its case-in-chief. Conyers, 2016 WL 7189850, at *10; Ishak, 277 F.R.D. at 159-160; see also United States v. Bunch, No. 3:09-CR-127, 2009 WL 4784637, at *1 (E.D. Tenn. Dec. 8, 2009) ("[T]he defendant must decide for himself whether a particular piece of discoverable evidence is arguably subject to suppression, . . . and then he may request notice from the Government regarding whether it intends to use that evidence in its case-in-chief-at trial. Once requested, the Government is required under Rule 12(b)(4)(B) to give such notice." (quotation marks omitted)); accord Fed. R. Crim. P. 12 advisory committee's note (purpose of requiring notice of "specified evidence" under Rule 12 is to ensure that "a defendant knows of the government's intention to use evidence to which the defendant may want to object," thereby "avoid[ing] the necessity of moving to suppress evidence which the government does not intend to use").[5]

In this case, Wilson has identified specific evidence in his briefing that he believes may be subject to a motion to suppress. See Def. Reply at 2-4. Despite the Government's assertions that Rule 12(b)(4)(B) is not a proper discovery or notice mechanism, Wilson is not requesting that the

---

[5] Notably, providing an open-file policy does not satisfy the Government's obligations under Rule 12. See United States v. de la Cruz-Paulino, 61 F.3d 986, 993 (1st Cir. 1995); United States v. Anderson, 416 F. Supp. 2d 110, 112 n.1 (D.D.C. 2006).

4

Government identify all the evidence it intends to use during trial, undertake its own assessment of whether the evidence is arguably suppressible, or disclose more specific discovery than is provided in Rule 16.  See Gov't Resp. at 2 (citing United States v. Ferguson, No. 2:16-CR-00103-JRG, 2018 WL 636710 (E.D. Tenn. Jan. 30, 2018); Bunch, 2009 WL 4784637; United States v. Jordan, No. 3:06-CR-102, 2007 WL 1849985 (E.D. Tenn. June 25, 2007)).  Rather, Wilson merely requests that the Government provide notice of whether it intends to offer the specified evidence during its case-in-chief.  Therefore, the Court grants Wilson's motion.

### III.  CONCLUSION

For the reasons stated above, the Court grants Wilson's motion for an order requiring the Government to comply with Rule 12(b)(4)(B) (Dkt. 559).  The Government must provide Wilson notice within fourteen days of this opinion and order of its intent to use any of the following specific evidence during its case-in-chief at trial:

1. Evidence obtained through a search and seizure of Wilson's alleged Facebook account;

2. Evidence obtained during the April 29, 2016, inventory search of Wilson's vehicle—a Pontiac Grand Prix;

3. Evidence obtained during the May 3, 2016, warrant search of the same Pontiac Grand Prix;

4. Evidence of any statements made by Wilson during the April 29, 2016, arrest;

5. Evidence obtained from the search of Wilson's residence on June 29, 2016;

6. Evidence obtained during the June 29, 2016, interrogation of Wilson;

7. Evidence obtained from the search of phones recovered during the June 29, 2016, search of Wilson's residence;

8. Evidence obtained through the warrant to search the cellular telephone assigned call number 586-420-0743 and to search information about the location of the cellular phone with the same assigned call number;

9. Evidence obtained through the March 11, 2016, warrant with respect to the phone numbers ending in 9677, 9464, 3145, and 2671;

10. Evidence obtained through the May 13, 2016, warrant with respect to Alcatel OneTouch cell phone; and,

11. Evidence obtained through the April 5, 2016, warrant with respect to telephone numbers 313-828-3331, 313-629-8894, 586-420-0743, 313-879-9677.

SO ORDERED.

Dated: January 2, 2019  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge