UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN MILLS, et al.,

    Defendants.

_____/

Case No. 16-cr-20460

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT CARLO WILSON'S
MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO COMPLY WITH
FEDERAL RULES OF EVIDENCE 807 AND 1006 (Dkt. 555), AND DENYING
DEFENDANT CARLO WILSON'S MOTION FOR EARLY DISCLOSURE OF PRIOR-
ACTS EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B) (Dkt. 560)**

This matter is before the Court on Defendant Carlo Wilson's motions for an order requiring the Government to comply with Federal Rules of Evidence 807 and 1006 (Dkt. 555) and for early disclosure of prior-acts evidence under Federal Rule of Evidence 404(b) (Dkt. 560). The Government has filed responses to these motions (Dkts. 594, 591, respectively), to which Wilson replied (Dkts. 613, 614, respectively).[1] For the reasons discussed below, the Court grants in part and denies in part Wilson's motions.

### I. BACKGROUND

A federal grand jury returned a second superseding indictment on February 28, 2018, charging the eleven defendants in this case with various crimes, including violations of the Racketeering Influenced and Corrupt Organizations Act (the "RICO" Act), 18 U.S.C. § 1961 et

---

[1] Because oral argument will not aid the Court's decisional process, Wilson's motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

seq. See generally 2d Superseding Indictment (Dkt. 292). That indictment claims that Defendants were members and associates of a criminal enterprise—the "6 Mile Chedda Grove" street gang in Detroit—one of whose purposes was to "preserv[e] and protect[] the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and threats of violence." Id. at 2, 6. The enterprise purportedly operated on the east side of Detroit within an area bordered roughly by East McNichols Road to the north, Kelly Road to the east, Houston-Whittier Street to the south, and Chalmers Street to the west. Id. at 2.[2]

The indictment further alleges that the enterprise's profits derived primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine. Id. at 5. The sale and distribution alleged was not limited to Michigan; gang members and associates purportedly sold and distributed controlled substances in Ohio, Kentucky, Tennessee, Alabama, and West Virginia. Id.

Five of the eleven defendants have since pleaded guilty.[3] The six remaining defendants have been separated into two groups with separate trial dates. See 8/7/2018 Order (Dkt. 425). Group One, composed of four defendants who are not subject to the death penalty upon conviction, has a trial date of April 23, 2019. See 8/28/2018 Order (Dkt. 464); 9/21/2018 Status Conference (finalizing Group One trial date). Group Two, composed of two defendants who are death-penalty eligible, has a trial date of April 21, 2020. See 8/31/2018 Order (Dkt. 475).

Defendant Carlo Wilson belongs to Group Two and has been charged with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); two counts of murder in aid of

---

[2] The "Chedda Grove" part of the enterprise's name is partially derived from one of the main streets in this territory—Cedargrove Street. 2d Superseding Indictment at 2.

[3] These five defendants include Mario Jackson, Michael Richardson, Corey Mills, Devontae Russell, and Phillip Peaks.

2

racketeering in violation of 18 U.S.C. § 1959(a)(1); two counts of using and carrying a firearm during and in relation to a crime of violence causing death in violation of 18 U.S.C. §§ 924(c) and 924(j); two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). See generally 2d Superseding Indictment. On March 1, 2018, the Government filed its notice of intent to seek a sentence of death against Wilson (Dkt. 293).

## II. DISCUSSION

On August 31, 2018, the Court issued a scheduling order for Defendants Edwin Mills and Carlo Wilson (the "Group Two Defendants"), which requires the Government to, among other things, "file notice of intent to offer evidence under Federal Rules of Evidence 404(b), 609, and 807" by July 8, 2019. 8/31/2018 Order at 2 (Dkt. 475). The Group Two Defendants may respond to these notices by July 22, 2019. Id. at 2-3.

Wilson has filed two motions regarding the specificity of these notices. The Court addresses each motion in turn.

### A. Defendant Wilson's Motion for an Order Requiring the Government to Comply with Federal Rules of Evidence 807 and 1006 (Dkt. 555)

Wilson first seeks an order requiring the Government to include in its notice of intent to offer hearsay statements under Federal Rule of Evidence 807(b) "the exact wording of the statement, the name, address and phone number of the declarant, and the basis for the contention that the statement satisfies the requirements for admissibility under Rule 807." Def. Br. at PageID.3006 (Dkt. 555). According to Wilson, this degree of specificity is necessary for the parties to "effectively and efficiently litigat[e] admissibility issues." Def. Reply at 2 (Dkt. 613); see also id. (stating that the court has the discretion to order more specific disclosure than provided

3

for in Rule 807(b) "for the purpose of promoting efficiency and cost-effective use of defense, prosecution, and court resources").

In its response, the Government argues that providing the exact wording of the statement and the declarant's phone number exceed the notice requirements of Rule 807(b), and that it would be "impractical to expect the government to provide 'the exact wording of that statement.'" Gov't Resp. at 3 (Dkt. 594). The Government also argues that the current deadlines in the scheduling order, which provide Wilson the opportunity to respond to a Rule 807(b) notice by July 22, 2019, "facilitate any necessary Rule 807 litigation months before trial . . . ." Id. at 2. The Court agrees with the Government.

Federal Rule of Evidence 807—commonly referred to as the residual hearsay exception—addresses the admissibility of hearsay statements that are not specifically covered by a hearsay exception in Rules 803 or 804. However, a statement falling within the ambit of Rule 807 is "admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). Thus, based on the plain language of the rule, the notice must include the statement the proponent intends to offer, the declarant's name, and the declarant's address. Because the Government acknowledges its responsibility to provide all three in its notice, should it file one, see Gov't Br. at 2, there is no need for this Court to order the Government to comply with Rule 807(b).

Although Wilson requests an order requiring the Government to provide the exact wording of the statement, he provides no case law that has interpreted Rule 807(b) as requiring such specificity. In fact, depending on the nature of the statement, an exact wording would not be possible. This is because Rule 801 broadly defines a "statement" as "a person's oral assertion,

written assertion, or <u>nonverbal conduct</u>, if the person intended it as an assertion." Fed. R. Evid. 801(a) (emphasis added). And although Wilson requests both the declarant's phone number and the Government's basis for admissibility under Rule 807(a), Rule 807(b) clearly does not require that the proponent of the hearsay statement include either of these in the notice.[4] In any event, if Wilson believes a hearsay statement in the Government's Rule 807(b) notice fails to give him a "fair opportunity to meet it," Fed. R. Evid. 807(b), he may address this issue in his response to the notice. Therefore, the Court denies this portion of Wilson's motion.

Wilson also requests an order requiring the Government to provide pretrial notice of its intent to offer any charts, summaries, or calculations into evidence under Federal Rule of Evidence 1006. Def. Br. at PageID.3006-3007.[5] In its response, the Government does not object to a July 8, 2019, deadline to provide pretrial notice of its intention to introduce a summary exhibit under Rule 1006. Gov't Resp. at 1. Therefore, the Court grants this portion of Wilson's motion. The Government shall provide notice of its intent to use a summary exhibit under Rule 1006 by July 8,

---

[4] Although Wilson cites <u>United States v. Anh The Doung</u>, No. Cr 01-20154, 2010 WL 532513, at *12 (N.D. Cal. Feb. 9, 2010), in support of his argument, <u>see</u> Def. Br. at PageID.30005-3006, the magistrate judge in that unpublished opinion provided no analysis or explanation for why Rule 807(b) requires this additional information.

[5] Rule 1006 governs the admissibility of evidentiary summaries and provides that a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. The rule further provides that the party "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." <u>Id.</u> The Court may also "order the proponent to produce them in court." <u>Id.</u> The Sixth Circuit has interpreted Rule 1006 as imposing five requirements for the admission of an evidentiary summary: "(1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation." <u>United States v. Modena</u>, 302 F.3d 626, 633 (6th Cir. 2002).

5

2019. In addition to providing notice, the Government shall make the documents available to defense counsel for examination or copying at a reasonable time and place.

### B. Defendant Wilson's Motion for Early Disclosure of Prior-Acts Evidence under Federal Rule of Evidence 404(b) (Dkt. 560)

Wilson acknowledges the July 8, 2019, deadline for the Government to provide notice of its intent to offer evidence under Federal Rule of Evidence 404(b) at trial, but he requests that the Government provide such notice "with specificity." Def. Br. at PageID.3057 (Dkt. 560). In that vein, Wilson argues that "the notice should include the nature of the incident; the date, time and place of the incident; all persons who may testify regarding such incident including their name, address, and phone numbers; and all persons having knowledge of such incident including their names, addresses and phone numbers." Id. (citing United States v. Anh The Doung, No. Cr 01-20154, 2010 WL 532513, at *11 (N.D. Cal. Feb. 9, 2010)). This degree of specificity is necessary, says Wilson, to "allow counsel to complete their investigation of the proposed 404(b) evidence and file a timely motion to exclude any evidence that does not satisfy the requirements of the rule, while also allowing sufficient time for the government to respond and the Court to rule on that motion before trial." Id. at PageID.3058-3059; see also id. at PageID.3060 (requiring notice with specificity will "allow sufficient time for the defense to identify and draw to the Court's attention any deficiencies in the government's proposed evidence and for the Court to carefully consider that evidence").[6]

In its response, the Government states that it is unlikely that it will seek to admit evidence under Rule 404(b) at trial. Gov't Resp. at 2 (Dkt. 591). Notwithstanding this fact, the Government

---

[6] Wilson's reply reiterates that "specific disclosure" will allow the defense to "cost-effectively use its limited resources in investigating 404(b) evidence," as well as "save this Court time and resources in resolving disputes concerning admissibility of 404(b) evidence." Def. Reply at 2 (Dkt. 614).

contends that the current scheduling order is adequate to litigate any issues surrounding a Rule 404(b) notice. Id. For example, the deadline to file the notice is July 8, 2019, and the Group Two Defendants can respond to the notice by July 22, 2019, which is approximately nine months before trial. See id. at 2-3. Moreover, until a notice of intent is actually filed, the Government contends that Wilson's claims about intensive investigation of prior acts and responding to the Government's evidence are "premature and speculative." Id. at 3.[7] The Court agrees with the Government that Wilson's motion is premature, and that the current scheduling order is sufficient to resolve any problems with a Rule 404(b) notice.

Federal Rule of Evidence 404(b)(2)(A) requires the Government to "provide reasonable notice of the general nature" of extrinsic evidence of a person's crimes, wrongs, and other acts it "intends to offer at trial." Notably, the rule does not define the phrase "general nature." Nor does the rule suggest the type of information that must be disclosed or the degree of specificity that the Government must provide. In fact, the Advisory Committee's commentary accompanying the 1991 amendments to Rule 404 underscores that "no specific form of notice is required," and that only "generalized notice" is required to "apprise the defense of the general nature of the evidence of extrinsic acts." Fed. R. Evid. 404 advisory committee's note (noting that the advisory committee "rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument").

---

[7] As it concerns the degree of specificity in the notice, the Government further claims that providing witnesses' names, addresses, and phone numbers exceeds the notice requirements of Rule 404(b), and that early disclosure of witnesses' names "would endanger those witnesses, which is a serious and legitimate concern in this case." Gov't Resp. at 4. Because it agrees with the Government that the motion should be denied for other reasons, the Court refrains from addressing this issue.

Based on the plain language of Rule 404(b) and the Advisory Committee's Notes, courts are understandably reluctant to establish any specific notice requirements. Instead, a court's focus is more appropriately on the reasonableness of the Government's notice. See United States v. Gonzalez, 501 F.3d 630, 637 (6th Cir. 2007) ("Under Rule 404(b), when the defendant requests notification of the government's intent to introduce other-acts evidence, the government must provide such notice in a reasonable form and manner."). The Court has discretion to determine whether a particular notice is unreasonable. See Fed. R. Evid. 404 advisory committee's note.

A Rule 404(b) notice may be unreasonable if it is insufficient to resolve issues of admissibility. See United States v. Barnes, 49 F.3d 1144, 1148-1149 (6th Cir. 1995) ("[T]he government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature. Moreover, the notice given to the defense regarding 'other crimes' evidence must be sufficiently clear so as 'to permit pretrial resolution of the issue of its admissibility.'" (citations omitted)); see also United States v. Long, 814 F. Supp. 72, 74 (D. Kan. 1993) ("While the government need not provide precise details regarding the date, time, and place of the prior acts it intends to introduce, or the source of the evidence, it must characterize the conduct to a sufficient degree to apprise the defendant of its general nature."). If a notice is unreasonable due to incompleteness, the Court may require the Government to provide greater detail. See Fed. R. Evid. 404 advisory committee's note ("When ruling in limine, the court may require the government to disclose to it the specifics of such evidence which the court must consider in determining admissibility."). Until the Government files a notice of intent to use Rule 404(b) evidence at trial, however, any concerns about the notice's reasonableness and the admissibility of Rule 404(b) evidence are entirely speculative.

In the event the Government files a Rule 404(b) notice in this case, the current scheduling order adequately affords Wilson the opportunity to challenge the reasonableness of the Government's notice and the admissibility of Rule 404(b) evidence. As previously mentioned, the Government must file its notice by July 8, 2019. Wilson may then respond to the notice by July 22, 2019, in which he can argue that the notice fails to apprise him of the general nature of the prior-acts evidence. If it agrees with Wilson, the Court can require the Government to amend its notice and provide sufficient information regarding the intended evidence to enable Wilson to file a motion in limine to contest its admissibility. The deadline for motions in limine is currently set for August 5, 2019, see 10/22/2018 Order at 2 (Dkt. 565), which is more than eight months before the scheduled trial date.

Finally, because the notice mandate under Rule 404(b) is not meant to require the Government to "disclose directly or indirectly the names and addresses of its witnesses," Fed. R. Evid. 404 advisory committee's note, Wilson's request for such information in the Government's notice is improper. See, e.g., United States v. Hollis, No. 3:16-CR-00113, 2017 WL 240085, at *2 (W.D. Ky. Jan. 19, 2017) (denying defendant's motion for notice with similar specificity requests); United States v. James, No. 3:15-CR-00049, 2016 WL 51268, at *9 (W.D. Ky. Jan. 4, 2016) (same); United States v. Hernandez-Ramos, No. 3:08-CR-112, 2008 WL 4791497, at *3 (E.D. Tenn. Oct. 28, 2008) (same); accord United States v. Stoecker, 920 F. Supp. 876, 883 (N.D. Ill. 1996) (denying defendant's request that a Rule 404(b) notice include "the dates, times, places and persons involved in such acts; the statements of each participant; any documents that contain evidence of such other crimes or acts; copies of audio and video recordings of those crimes, wrongs, or acts; and a state of the issue or issues to which the government believes such other crimes or acts of evidence may relate").

Accordingly, the Court denies Wilson's motion for early disclosure of prior-acts evidence under Federal Rule of Evidence 404(b).

### III. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part on Wilson's motion for an order requiring the Government to comply with Federal Rules of Evidence 807 and 1006 (Dkt. 555). The Government shall provide notice of its intent to use a summary exhibit under Rule 1006 by July 8, 2019. In addition to providing notice, the Government shall make the documents available to defense counsel for examination or copying at a reasonable time and place.

The Court denies Wilson's motion for early disclosure of prior-acts evidence under Federal Rule of Evidence 404(b) (Dkt. 560).

SO ORDERED.

Dated: February 1, 2019                  s/Mark A. Goldsmith
    Detroit, Michigan                MARK A. GOLDSMITH
                             United States District Judge