UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                          Case No. 16-cr-20460

EDWIN MILLS, et al.,

                          HON. MARK A. GOLDSMITH

        Defendants.

_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT CARLO WILSON'S**
**MOTIONS FOR PRETRIAL DISCLOSURE OF EXCULPATORY INFORMATION**
**(Dkt. 558) AND EXCULPATORY INFORMATION REGARDING WITNESSES**
**GRIMES, MILLS, AND RICHARDSON (Dkt. 557)**

        This matter is before the Court on Defendant Carlo Wilson's motions for pretrial disclosure

of exculpatory information (Dkt. 558) and, more specifically, exculpatory information regarding

witnesses Curtis Grimes, Corey Mills, and Michael Richardson (Dkt. 557). The Government has

filed a single response in opposition to these motions (Dkt. 596), to which Wilson replied (Dkt.

611).[1] For the reasons discussed below, the Court grants in part and denies in part Wilson's

motions.

**I. BACKGROUND**

        A federal grand jury returned a second superseding indictment on February 28, 2018,

charging the eleven defendants in this case with various crimes, including violations of the

Racketeering Influenced and Corrupt Organizations Act (the "RICO" Act), 18 U.S.C. § 1961 et

seq. See generally 2d Superseding Indictment (Dkt. 292). That indictment claims that Defendants

_____
[1] Because oral argument will not aid the decisional process, Wilson's motions will be decided
based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

were members and associates of a criminal enterprise—the "6 Mile Chedda Grove" street gang in Detroit—one of whose purposes was to "preserv[e] and protect[] the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and threats of violence." Id. at 2, 6. The enterprise purportedly operated on the east side of Detroit within an area bordered roughly by East McNichols Road to the north, Kelly Road to the east, Houston-Whittier Street to the south, and Chalmers Street to the west. Id. at 2.[2]

The indictment further alleges that the enterprise's profits derived primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine. Id. at 5. The sale and distribution alleged was not limited to Michigan; gang members and associates purportedly sold and distributed controlled substances in Ohio, Kentucky, Tennessee, Alabama, and West Virginia. Id.

Five of the eleven defendants have since pleaded guilty.[3] The six remaining defendants have been separated into two groups with separate trial dates. See 8/7/2018 Order (Dkt. 425). Group One, composed of four defendants who are not subject to the death penalty upon conviction, has a trial date of April 23, 2019. See 8/28/2018 Order (Dkt. 464); 9/21/2018 Status Conference (finalizing Group One trial date). Group Two, composed of two defendants who are death-penalty eligible, has a trial date of April 21, 2020. See 8/31/2018 Order (Dkt. 475).

Defendant Carlo Wilson belongs to Group Two and has been charged with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); two counts of using and carrying a firearm

---

[2] The "Chedda Grove" part of the enterprise's name is partially derived from one of the main streets in this territory—Cedargrove Street. 2d Superseding Indictment at 2.

[3] These five defendants include Mario Jackson, Michael Richardson, Corey Mills, Devontae Russell, and Phillip Peaks.

during and in relation to a crime of violence causing death in violation of 18 U.S.C. §§ 924(c) and 924(j); two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). See generally id. On March 1, 2018, the Government filed its notice of intent to seek a sentence of death against Wilson (Dkt. 293).

## II. STANDARD OF DECISION

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)). The first is the Brady doctrine, derived from Brady v. Maryland, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness. Watson, 787 F. Supp. 2d at 672 & n.5. The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." Watson, 787 F. Supp. 2d at 672 (citation and quotation marks omitted); Presser, 844 F.2d at 1285 ("[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions."). The third is the Jencks Act, which "'generally requires the government, on motion of a defendant,

to produce statements in its possession of witnesses who testify at trial.'"  Watson, 787 F. Supp. 2d at 672 (quoting United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982)); 18 U.S.C. § 3500(b);[4] see also United States v. Davis, 306 F.3d 398, 421 (6th Cir. 2002) ("When Brady material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure."); Presser, 844 F.2d at 1282-1285 (holding that neither Brady, Giglio v. United States, 405 U.S. 150 (1972), nor Rule 16 gives a defendant the right to broad pretrial discovery of impeachment evidence, the disclosure of which is instead controlled by the Jencks Act).

### III.  DISCUSSION

Wilson has filed two motions that fall predominantly within the first category above.  The Court addresses each motion in turn.

### A. Defendant Carlo Wilson's Motion for Pretrial Disclosure of Exculpatory Information (Dkt. 558)

In his motion, Wilson seeks an order requiring the Government to immediately produce "all material exculpatory, favorable or impeachment evidence in its possession and to produce such evidence obtained in the future as soon as it becomes available."  Def. Br. at PageID.3037 (Dkt. 558).  Wilson argues that immediate disclosure is necessary because it will "enable[] counsel to provide effective representation, promote[] a fair process, [and] assure[] greater reliability in the outcome," all of which will "ensure the effective administration of the criminal justice system.'"  Id. at PageID.3041 (quoting Watson, 787 F. Supp. 2d at 674).  This is especially true, says Wilson,

---

[4] Section 3500(b) provides, in full: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.  If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use."  (Emphasis added).

because this complex death-penalty case involves voluminous discovery and allegations of alleged criminal conduct spanning ten years, crossing multiple states, and concerning numerous charged and uncharged coconspirators. Id. Although it agrees with Wilson that early pretrial disclosure of Brady material is warranted in this case, the Court disagrees that such disclosure must be made at this time.

While there is no question the Government has a constitutional duty to disclose evidence that is favorable to Wilson and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness, see Brady, 373 U.S. at 87; Giglio, 405 U.S. at 154, what the Supreme Court has left unresolved is precisely when this disclosure must be made, United States v. Brown, No. 5:16-097, 2017 WL 1455006, at *2 (E.D. Ky. Apr. 21, 2017) (recognizing that "[t]here is no hard and fast rule for when this material must be disclosed"); United States v. Hogg, No. 13-CR-20809, 2014 WL 1328170, at *3 (E.D. Mich. Apr. 2, 2014) (same).[5]

Because the timing of disclosure ultimately depends on the circumstances of each case, several courts, including the Sixth Circuit, have held that a defendant's constitutional rights are not violated so long as the defendant is provided Brady material "in time for its effective use at trial." Presser, 844 F.2d at 1283 (citing United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984); United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983)); accord United States v. Smith Grading and Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985); United States v. Mohamed, 148 F. Supp. 3d 232, 245-246 (E.D.N.Y. 2015); United States v. Hart, 760 F. Supp. 653, 659 (E.D. Mich. 1991). Moreover, the district court's authority to order pretrial disclosure of Brady material should "ensure the effective administration of the criminal justice system" and "avoid a constitutional

---

[5] Wilson acknowledges this fact. See Def. Br. at PageID.3040 ("The Supreme Court has never precisely pinpointed the time at which the disclosure under Brady must be made.").

violation." Watson, 787 F. Supp. 2d at 674 (quoting Hart, 760 F. Supp. at 654); see also United States v. Hayes, 376 F. Supp. 2d 736, 739 (E.D. Mich. 2005) (same); accord Mohamed, 148 F. Supp. 3d at 246 ("[A] district court has the discretion to order Brady/Giglio disclosure at any time as a matter of sound case management.").

Given the nature of this case—a racketeering conspiracy covering over eight years and involving eleven defendants, two of whom are death-penalty eligible—coupled with the amount of time defense counsel will likely need to properly investigate and make effective use of the Brady material based on strategic and tactical decisions, the Court finds that early pretrial disclosure is appropriate. See Mohamed, 148 F. Supp. 3d at 246 (noting that early disclosure may be appropriate where defense counsel would require significant time to investigate and make effective use of the disclosure); Watson, 787 F. Supp. 2d at 674 (recognizing the "valuable role that knowledge of Brady information has in permitting defendants to prepare a vigorous defense and thus preserving a criminal defendant's right to a fair trial"); see also DiSimone v. Phillips, 461 F.3d 181, 197 (2d Cir. 2006) ("The more a piece of evidence is valuable and rich with potential leads, the less likely it will be that late disclosure provides the defense with an 'opportunity to use.'"); Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001) ("[T]he longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use.").[6]

---

[6] In its response, the Government avers that it understands its obligations under Brady and Giglio and will continue to comply with those obligations. Govt' Resp. at 1 (Dkt. 596). While courts generally do not compel immediate disclosure of Brady material where the Government acknowledges its obligations under Brady and states that it will comply with those obligations, early disclosure "may be appropriate where the Defense would require significant time to investigate and make effective use of the disclosure." See Mohamed, 148 F. Supp. 3d at 246.

Accordingly, the Court orders the Government to disclose <u>Brady</u> material in its possession at least sixty days before trial, which will afford Wilson the reasonable opportunity to effectively use this disclosure at trial. <u>See, e.g.</u>, <u>United States v. Aparo</u>, 221 F. Supp. 2d 359, 366-367 (E.D.N.Y. 2002) (ordering disclosure of <u>Giglio</u> materials no later than four weeks before trial because of the complexity of the multi-defendant conspiracy and racketeering case). Although Wilson requests that <u>Brady</u> material be disclosed immediately—almost fourteen months before trial—he provides no particularized justification for such an early disclosure. <u>Cf.</u> <u>Hogg</u>, 2014 WL 1328170, at *3 (ordering the government to disclose <u>Brady</u> material fourteen days before trial); <u>Watson</u>, 787 F. Supp. 2d at 674 (ordering the government to disclose <u>Brady</u> material at least ten days before trial); <u>United States v. Driver</u>, No. 09-20549, 2011 WL 761496, at *3 (E.D. Mich. Feb. 25, 2011) (ordering the government to disclose <u>Giglio</u> material five days before trial).

To the extent any of this <u>Brady</u> material is covered by the Jencks Act, however, the terms of that Act govern the timing of the Government's disclosure. <u>See</u> <u>United States v. Brazil</u>, 395 F. App'x 205, 215 (6th Cir. 2010); <u>Davis</u>, 306 F.3d at 421; <u>United States v. Bencs</u>, 28 F.3d 555, 561 (6th Cir 1994). Because the plain language of the Act prohibits a district court from ordering disclosure of this material before the witness has testified on direct examination, <u>see</u> <u>United States v. Mills</u>, No. 16-cr-20460, 2019 WL 76868, at *2 (E.D. Mich. Jan. 2, 2019), this Court lacks the authority to compel pretrial disclosure of <u>Brady</u> material that is also covered by the Jencks Act. Nevertheless, the Government has previously agreed to disclose Jencks Act material thirty days before trial. <u>Id.</u> at *2 n.6. Therefore, any <u>Brady</u> material that is also covered by the Jencks Act shall be disclosed thirty days before trial.

**B. Defendant Carlo Wilson's Motion for Pretrial Disclosure of Exculpatory Information Regarding Witnesses Curtis Grimes, Corey Mills, and Michael Richardson (Dkt. 557)**

In addition to requesting pretrial disclosure of <u>Brady</u> material generally, Wilson has also filed a motion seeking immediate disclosure of <u>Brady</u> material as it relates to three witnesses—Curtis Grimes, Defendant Corey Mills, and Defendant Michael Richardson. Def. Br. at PageID.3023 (Dkt. 557).[7] Wilson is specifically seeking all exculpatory and impeachment information concerning the witnesses' history of substance abuse and mental health. The Court agrees with Wilson that this sort of information, if it exists, may constitute favorable impeachment evidence to discredit a witness's testimony. <u>See</u> <u>Browning v. Trammell</u>, 717 F.3d 1092, 1105 (10th Cir. 2013); <u>Brooks v. Tennessee</u>, 626 F.3d 878, 891, 894 (6th Cir. 2010); <u>Wilson v. Beard</u>, 589 F.3d 651, 666 (3d Cir. 2009); <u>United States v. Spano</u>, 421 F.3d 599, 606 (7th Cir. 2005); <u>Boggs v. Collins</u>, 226 F.3d 728, 745 (6th Cir. 2000); <u>United States v. Smith</u>, 77 F.3d 511, 516 (D.C. Cir. 1996); <u>United States v. Lujan</u>, 530 F. Supp. 2d 1224, 1259-1260 (D.N.M. 2008).[8] Therefore, to the extent the Government is in possession of this evidence, it shall disclose it at least sixty days before trial. But if any evidence is also covered by the Jencks Act, the Government shall disclose that information thirty days before trial.

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Wilson's motions for pretrial disclosure of exculpatory information (Dkt. 558) and exculpatory information regarding witnesses Grimes, Mills, and Richardson (Dkt. 557). The Government shall disclose <u>Brady</u> material in its possession at least sixty days before trial, including all exculpatory and

---

[7] As a reminder, both Mills and Richardson have pleaded guilty in this case. As for Grimes, Wilson states that discovery in a different case, <u>see</u> <u>United States v. Grimes</u>, No. 16-cr-20152 (E.D. Mich.) (Cleland, J.), suggests that Grimes is an uncharged alleged co-conspirator in this case. Def. Br. at PageID.3019-3020 (Dkt. 557).

[8] The Government makes no argument regarding the relevancy or materiality of this impeachment evidence under <u>Brady</u> or <u>Giglio</u>. Nor does the Government argue that the evidence would be cumulative of information already available to the defense.

impeachment information concerning the substance abuse and mental health history of Grimes, Mills, and Richardson. To the extent any of this material is covered by the Jencks Act, however, the Government shall disclose that information thirty days before trial.

      SO ORDERED.

Dated:  February 12, 2019                      s/Mark A. Goldsmith
          Detroit, Michigan                        MARK A. GOLDSMITH
                                                United States District Judge