UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.

D-1  EDWIN MILLS,
D-2  CARLO WILSON,

 Defendants.

Case No. 2:16-cr-20460

Hon. Mark A. Goldsmith

---

**JOINT MOTION TO STRIKE THE NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH BECAUSE OF THE UNCONSTITUTIONALITY OF THE FEDERAL DEATH PENALTY ACT FOR FAILURE TO REQUIRE COMPARATIVE PROPORTIONALITY REVIEW**

 Messrs. Edwin Mills and Carlo Wilson, through counsel, respectfully move this Court, pursuant to the Eighth Amendment to the United States Constitution, to strike the Notice of Intent to Seek a Sentence of Death.

 In support of this motion, Messrs. Mills and Wilson state the following:

 1. The grand jury indicted Messrs. Mills and Wilson in a second superseding indictment filed February 28, 2018. Dkt. 292. Both pled not guilty to the charges. Dkt. 302. A Notice of Intent to Seek a Sentence of Death was filed on March 1, 2018. Dkt. 293. Trial is scheduled for April 21, 2020. Dkt. 475.

1

2. The Federal Death Penalty Act is unconstitutional under the Eighth Amendment for failing to require a reviewing court to conduct a proportionality review of any death sentence. For this reason, the Notice of Intent to Seek a Sentence of Death must be stricken.

3. The government, through its Assistant United States Attorney, does not concur in this motion.

4. Messrs. Mills and Wilson respectfully move this Court to declare the FDPA unconstitutional on its face for its complete failure to provide comparative proportionality review, resulting in wholly arbitrary and capricious death sentences.

Respectfully submitted,

s/Gerald J. Gleeson
Gerald J. Gleeson, II (P53568)
Jeffrey Alan Crapko (P78487)
Miller, Canfield, Paddock
and Stone, P.L.C.
840 West Long Lake Road, Suite 150
Troy, Michigan 48098-6358
(248) 879-2000
gleeson@millercanfield.com
Counsel for Edwin Mills

s/ Jacqueline K. Walsh
Jacqueline K. Walsh
Washington State Bar No. 21651
705 2nd Ave., Suite 501
Seattle, WA  98104
(206) 325-7900x5
Jackie@jamlegal.com
Counsel for Carlo Wilson

s/ Jean D. Barrett
Jean D. Barrett
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
(973)744-1000
jeanbarrett@ruhnkeandbarrett.com
Counsel for Edwin Mills

s/ Ashwin Cattamanchi
Ashwin Cattamanchi
Illinois State Bar No. 6289199
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467
ashwin_cattamanchi@fd.org
Counsel for Carlo Wilson

DATED:     February 15, 2019

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO STRIKE THE NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH BECAUSE OF THE UNCONSTITUTIONALITY OF THE FEDERAL DEATH PENALTY ACT FOR FAILURE TO REQUIRE COMPARATIVE PROPORTIONALITY REVIEW**

**Issue Presented**

Whether the Federal Death Penalty Act is unconstitutional for failing to require a reviewing court to conduct a comparative proportionality review.

**Controlling Authority for the Relief Sought**

The Eighth Amendment to the United States Constitution.

**ARGUMENT**

**I.     Introduction**

The Federal Death Penalty Act ("FDPA") is unconstitutional in its failure to require a reviewing court to determine whether the punishment of death is excessive or disproportionate to the penalty imposed in similar cases, taking into consideration both the crime and the defendant. The absence of a provision for proportionality review leaves the FDPA without a critical provision endorsed by the Supreme Court to avoid the arbitrary and capricious imposition of a death sentence. Numerous state capital statutes provide for comparative proportionality review. *See Pully v. Harris*, 465 U.S. 37, 43 (1984). Even the Uniform Code of Military Justice requires it.[1] The requirement of proportionality review is grounded in the long-held and recognized "precept of justice that punishment for crime should be graduated and proportioned to offense." *Weems v. United States*, 217 U.S. 349, 367 (1910). The absence of comparative proportionality review, or any comparable provision to guard against disproportionate sentences, renders the FDPA unconstitutional.

---

[1] Death sentences imposed under the Uniform Code of Military Justice must also be reviewed using a comparative proportionality analysis. *See United States v. Curtis*, 32 M.J. 252, 270–271 (C.M.A. 1991).

## II. Because the FDPA Does Not Contain a Proportionality Review Provision, any Death Sentence Imposed Under it Violates the Fifth and Eighth Amendments.

The Constitution forbids a capital-punishment scheme which permits the sentence to be imposed arbitrarily and capriciously. *See Furman v. Georgia*, 408 U.S. 238, 313–14 (1972)[2] (White, J., concurring). In *Furman*, Justice Stewart concluded:

> These death sentences are cruel and unusual in the same way that being struck by lightning is cruel and unusual. For, of all the people convicted of . . . murders . . . many just as reprehensible as these, the petitioners are among a capriciously selected random handful upon whom the sentence of death has in fact been imposed. . . . I simply conclude that the Eighth and Fourteenth Amendments cannot tolerate the infliction of a sentence of death under legal systems that permit this unique penalty to be so wantonly and so freakishly imposed.

408 U.S. at 309–10 (Stewart, J., concurring) (citations and footnotes omitted).

In 1976, the Court approved Georgia's new death penalty statute, which was meant to cure the constitutional problems identified in *Furman*. *Gregg*, 428 U.S. at 195. Comparative proportionality review was a feature of Georgia's law that the Supreme Court hailed as helping guard against the sort of random and freakish sentencing outcomes that had previously led it to strike down the state's old death-

---

[2] *Furman* consisted of nine separate opinions, and one *per curiam* opinion that concluded "the imposition of and carrying out of the death penalty in [the cases before the Court] constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments." 408 U.S. at 239 (*per curiam*).

penalty scheme in *Furman*. *See Gregg v. Georgia*, 428 U.S. at 198 (1976) (Joint Opinion of Stewart, Powell & Stevens, JJ.). *See also Proffitt v. Florida*, 428 U.S. 242, 253, 258–59 (1976). Such review is critical to ensuring that the death penalty continues to be "reserved for only the most aggravated and least mitigated of . . . murders." *Bell v. State*, 841 So. 2d 329, 337–38 (Fla. 2002). In 1987, the Supreme Court once again considered whether Georgia's capital scheme had resulted in constitutionally disproportionate sentencing patterns. *McCleskey v. Kemp*, 481 U.S. 279 (1987). The Court noted that it had approved the "facial validity" of the state's statute in *Gregg*, based on several features, including one important safeguard absent from the FDPA: proportionality review. *Id*. at 303, 308.

      Comparative proportionality review requires an appellate court "to determine whether, considering both the crime and the defendant, the sentence is disproportionate to that imposed in similar cases." *Pulley v. Harris*, 465 U.S. 37, 43–44 (1984). In *Pulley*, the Supreme Court found that California's capital statute had sufficient "checks on arbitrariness" because, among other things, the law required that the state supreme court not only review each death sentence but also determine whether the weight of the evidence supported it. 465 U.S. at 51–54. The Court relied in part on its earlier decision in *Jurek v. Texas*, 428 U.S. 262 (1976), upholding Texas's death-penalty law although it lacked comparative proportionality review. There, the Court had said that the provision for a

7

mandatory appeal to "a court with a statewide jurisdiction" would "promote the evenhanded, rational, and consistent imposition of death sentences" and "assure that sentences of death will not be 'wantonly' or 'freakishly' imposed." *Id*. at 276.

But the FDPA does not provide for the court of appeals to review the relative weight of the aggravating and mitigating factors for a death sentence. And though a defendant sentenced to death has the right to appeal to one of eleven different courts of appeal, an appeal is not mandatory according to the one circuit that has addressed the issue. *See United States v. Hammer*, 226 F.3d 229, 236–37 (3rd Cir. 2000). More important, even when appeals are taken, no court of nationwide jurisdiction considers each case. *See* 18 U.S.C. 3595. Rather, further appeal to the only court with nationwide appellate jurisdiction, the United States Supreme Court, is discretionary. *See* 28 U.S.C. § 1254. And it is virtually never granted: although more than 60 federal defendants in the modern era have been condemned to death, and three have been executed, the Supreme Court has granted plenary review in only one case. *See Jones v. United States*, 527 U.S. 373 (1999). Such a non-mandatory, fragmented system cannot assure "evenhanded, rational and consistent imposition" of the federal death penalty across the circuits.

Omitting any such review paradoxically leaves federal capital defendants with *less* protection than non-capital ones. *See Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (Constitution grants capital defendant greater protections in

sentencing process because "[d]eath, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two"). In federal court, a kind of comparative proportionality review is a familiar component of ordinary sentencing under 18 U.S.C. § 3553(a)(6). That provision requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007) ("district courts must take account of sentencing practices in other courts").

In the years since *Pulley*, moreover, the Supreme Court has embraced a form of proportionality review to "vindicate the underlying [Eighth Amendment] principle that the death penalty is reserved for a narrow category of crimes and offenders." *Roper v. Simmons*, 543 U.S. 551, 568–69 (2005). That review focuses on whether recent sentencing practices and other objective evidence of contemporary values indicate that capital punishment has become excessive for a given category of defendant or crime. *See Atkins v. Virginia*, 536 U.S. 304, 306, 311–12, 319 (2002) (the mentally-retarded); *Roper*, 543 U.S. at 560-69 (juveniles); *Kennedy v. Louisiana*, 554 U.S. 407, 421–27 (2008) (rape of a child). *See also Enmund v. Florida*, 458 U.S. 782, 794 (1982) (non-triggerperson in a felony-murder); *Coker v. Georgia*, 433 U.S. 584, 596 (1977) (rape of an adult).

9

There is no indication that, as currently drafted, the FDPA extends proportionality review to defendants charged with capital offenses. To the contrary, different circuits have addressed the proportionality review issue, and none have interpreted the FDPA to require it. *See United States v. Sampson*, 486 F.3d 13, 23–26 (1st Cir. 2007); *United States v. Barrett*, 496 F.3d 1079, 1108–09 (10th Cir. 2007); *United States v. Mitchell*, 502 F.3d 931, 980–81 (9th Cir. 2007); *United States v. Higgs*, 353 F.3d 281, 320–21 (4th Cir. 2003).

Many district courts have likewise found that the FDPA does not provide for proportionality review. *See, e.g.*, *United States v. Williams*, No. S100CR.1008, 2004 WL 2980027, at *15 (S.D.N.Y. 2004); *United States v. Perez*, No. 3:02CR7, 2004 WL 935260, at *15–16 (D. Conn. 2004); *United States v. Frank*, 8 F. Supp. 2d 253, 272–73 (S.D.N.Y. 1998); *United States v. Briseno*, No. 2:11-cr-00077, 2015 WL 163526, at *3 (N.D. Ind. Jan 12, 2015); *United States v. Williams*, 18 F. Supp. 3d 1065, 1072–76 (D. Haw. 2014); *United States v. Montgomery*, No. 2:11-cr-20044, 2014 WL 1453527, at *15–16 (W.D. Tenn. 2014); *United States v. Hall*, No. 10-03029-02-CR-S-GAF, 2014 WL 1356698, at *11–12 (W.D. Mo. 2014).

The majority of States heeded and respected the Supreme Court's decisions which held that the death penalty violates the Eighth Amendment if it is arbitrarily

imposed[3] and, in response, incorporated comparative proportionality review into their statutory schemes. Yet the federal death penalty statutory scheme failed to institute such a safeguard, thereby rendering its imposition unconstitutionally arbitrary and capricious in violation of the Eighth Amendment as set forth in our Motion to Declare the Federal Death Penalty Act Unconstitutional filed today.

## VI. Conclusion

For the foregoing reasons, it is respectfully requested that this Court summarily hold that the FDPA is unconstitutional on its face and strike the notice intent to seek a sentence of death filed by the government.

---

[3] *See Gregg*, 428 U.S. at 187; *Proffitt v. Florida*, 428 U.S. 242, 247 (1976) (joint opinion of Stewart, J., Powell, J., and Stevens, J.); *Jurek v. Texas*, 428 U.S. 262, 268 (1976) (joint opinion of Stewart, J., Powell, J., and Stevens, J.).

Respectfully submitted,

| | |
|---|---|
| s/Gerald J. Gleeson<br>Gerald J. Gleeson, II (P53568)<br>Jeffrey Alan Crapko (P78487)<br>Miller, Canfield, Paddock<br>and Stone, P.L.C.<br>840 West Long Lake Road, Suite 150<br>Troy, Michigan 48098-6358<br>(248) 879-2000<br>gleeson@millercanfield.com<br>Counsel for Edwin Mills | s/ Jacqueline K. Walsh<br>Jacqueline K. Walsh<br>Washington State Bar No. 21651<br>705 2nd Ave., Suite 501<br>Seattle, WA  98104<br>(206) 325-7900x5<br>Jackie@jamlegal.com<br>Counsel for Carlo Wilson |
| s/ Jean D. Barrett<br>Jean D. Barrett<br>Ruhnke & Barrett<br>47 Park Street<br>Montclair, NJ 07042<br>(973)744-1000<br>jeanbarrett@ruhnkeandbarrett.com<br>Counsel for Edwin Mills | s/ Ashwin Cattamanchi<br>Ashwin Cattamanchi<br>Illinois State Bar No. 6289199<br>Federal Defenders of San Diego, Inc.<br>225 Broadway, Suite 900<br>San Diego, CA 92101<br>(619) 234-8467<br>ashwin_cattamanchi@fd.org<br>Counsel for Carlo Wilson |

DATED:  February 15, 2019

## CERTIFICATE OF SERVICE

I, Gerald J. Gleeson, II, hereby certify that on February 15, 2019, I electronically served the forgoing document with the Clerk of the Court using the ECF system which will send notification to all parties.

 s/ Gerald J. Gleeson, II
Gerald J. Gleeson, II (P53568)