UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 16-cr-20460

v.

HON. MARK A. GOLDSMITH

EDWIN MILLS, et al.,

        Defendants.

_____/

**ORDER**
**DENYING DEFENDANT EDWIN MILLS'S MOTIONS FOR ACCESS TO JURY SELECTION RECORDS AND MATERIALS (Dkt. 768) AND FOR AN EXTENSION OF TIME TO FILE A JURY CROSS-SECTION CHALLENGE (Dkt. 834), AND DEFENDANT CARLO WILSON'S MOTION FOR DISCOVERY IN ANTICIPATION OF FILING A MOTION TO STRIKE THE NOTICE OF INTENT (Dkt. 770) WITHOUT PREJUDICE**

This matter is before the Court on Defendant Edwin Mills's motion for access to jury selection records and materials (Dkt. 768),[1] and Defendant Carlo Wilson's motion for discovery in anticipation of filing a motion to strike the notice of intent to seek the death penalty based on a purported claim of racially selective law enforcement or, alternatively, for a hearing to determine the scope of discovery to be produced (Dkt. 770). The Government has filed responses in opposition to these motions (Dkt. 782, 783, respectively), to which Mills and Wilson replied (Dkt. 840, 821, respectively).[2] Mills has also filed a motion for an extension of time to file a jury cross-

---

[1] Defendant Carlo Wilson filed a notice of joinder concurring in the relief sought in this motion. See 2/15/2019 Notice of Joinder (Dkt. 769).

[2] Because oral argument will not aid the Court's decisional process, these motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

section challenge (Dkt. 834).  For the reasons stated below, the Court denies these motions without prejudice.

When a party must act within a specified period of time and fails to do so, Federal Rule of Criminal Procedure 45 provides that the Court may, for good cause, grant a party's motion to extend the time to act "if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1)(B); see also United States v. Munoz, 605 F.3d 359, 368-369 (6th Cir. 2010) (applying excusable neglect factors from Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380 (1993), to untimely Rule 33 motions for a new trial); accord United States v. Ryan, 709 F. App'x 661, 616-617 (11th Cir. 2017).

On August 31, 2018, the Court issued a scheduling order, setting October 19, 2018, as the deadline for filing discovery motions.  8/31/2018 Order at 1 (Dkt. 475).  One of Mills's motions (Dkt. 768) and Wilson's motion (Dkt. 770) both seek some form of discovery, whether it be from the Jury Department of the Eastern District of Michigan or from the Government.  However, Defendants filed their respective discovery motions on February 15, 2019—almost four months after the discovery motion cut-off date.  Because Mills and Wilson have not filed motions for an extension of time to file their discovery motions, they have not adequately set forth good cause for an extension and excusable neglect for failing to file their motions by the deadline for discovery motions.

The deadline for either Mills or Wilson to file motions specifically challenging the "jury selection process" was February 15, 2019.  See 8/31/2018 Order at 2; 2/5/2019 Order (Dkt. 758) (amending scheduling order and setting deadline for motions challenging the jury selection process for February 15, 2019).  Mills has filed a motion for an extension of time on March 22, 2019, requesting that he be permitted to file a motion challenging the jury cross-section and venire sixty

days "after any materials ordered to be produced by the court clerk are produced to Mr. Mills and his expert." Def. Mot. at 1-2 (Dkt. 834). However, Mills completely failed to invoke Rule 45 and the legal standards that would govern that motion.

Accordingly, the Court denies Mills's and Wilson's motions without prejudice.

SO ORDERED.

Dated: March 25, 2019      s/Mark A. Goldsmith
      Detroit, Michigan      MARK A. GOLDSMITH
                                 United States District Judge