# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 2:16-CR-20460 |
| vs. | ) |
| | ) HON. MARK A. GOLDSMITH |
| | ) |
| D-2 CARLO WILSON | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO WILSON'S MOTION FOR LEAVE TO FILE MOTION TO EXTEND *ATKINS v. VIRGINA* TO 22 YEAR OLD DEFENDANTS [ECF No. 931]**

COMES NOW the United States of America, by and through its attorneys, Matthew Schneider, United States Attorney and Louis A. Crisostomo, Robert Moran, and Andrew Picek Assistant United States Attorneys, and James Peterson, Department of Justice Trial Attorney, and hereby files its opposition to the Defendant WILSON's Motion for an Extension of Time to file a proposed Motion For An Order Categorically Exempting Carlo Wilson From The Death Penalty Because He Was Twenty-Two Years Old At The Time Of The Alleged Capital Crimes. [ECF Nos. 931 and 931-1].

WILSON's motion should be denied for several reasons. First, the motion is untimely and unnecessarily so. Counsel was fully aware of WILSON's age when

1

appointed to the case. Moreover, counsel for WILSON filed an identical motion in a separate Federal Death Penalty Case ten months ago, which was denied. *See United States v. Fell*, No. 5:01-CR-00012 (D. Vt. Jul. 3, 2018) ECF No. 1532 and ECF No. 1642 (Aug. 20, 2018). Consequently, WILSON cannot claim that he was unaware of the facts, circumstances, or legal authority until recently. Second, WILSON's claim is barred by binding Sixth Circuit precedent. *See In re Garner*, 612 F.3d 533, 534 (6th Cir. 2010). Third, every federal court that has considered the same claim has rejected the claim without an evidentiary hearing.

**BRIEF IN SUPPORT**

**I.  BACKGROUND**

WILSON argues that he should be categorically exempt from the death penalty because although he was twenty-two years old at the time the crime was committed, he functionally operated as a juvenile and thus should be exempt from the death penalty under *Roper v. Simmons*, 534 U.S. 551 (2005). WILSON makes this claim citing the Supreme Court's decisions in *Hall v. Florida*, 134 S.Ct. 1986 (2014), *Moore v. Texas*, 137 S.Ct. 1039 (2017), and *Miller v. Alabama*, 567 U.S. 460 (2012), as supporting his argument that he should not be subject to the death penalty because he is the functional equivalent of a juvenile. This argument fails because this Court is bound by *Roper*. *See Bosse v. Oklahoma*, 137 S.Ct. 1, 2 (2016) (per curiam) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." (*citing Hohn v. United States*, 524 U. S. 236, 252–253 (1998)). Further, *Miller* supports the *Roper* decision, by applying another bright line rule distinguishing between defendants older than and younger than the age of 18 at the time that their crime was committed. Finally, *Atkins*, *Hall*, and *Moore* address mental health issues, not the issue of age, are not applicable to the instant facts, and do not disturb the Supreme Court's holding in *Roper*.

## II.     ARGUMENT

### A.     WILSON's Motion is Untimely

WILSON's constitutional challenge is untimely.  On August 31, 2018, the Court entered a scheduling order to facilitate the timely filing of motions in the case.  ECF 475.  The August 31, 2018 scheduling order provides, in part:

> **February 8, 2019**: Deadline for (i) Government to file any response to Defendants' objections regarding *Atkins* testing; and (ii) filing motions challenging the Federal Death Penalty Act, the death penalty per se, the Notice of Intent (Dkt. 293), Special Findings, the aggravating factors, an "as applied" challenge, and the juror selection process;

ECF No. 475, pg. 2.  To the extent that WILSON characterizes the claim as an *Atkins* type claim, the motion is also untimely.  On December 12, 2018, the Court entered a modified scheduling order to facilitate the timely filing of *Atkins* motions in the case.  ECF No. 652.  The December 12, 2018 scheduling order provides, in part:

> **March 15, 2019**: Deadline for Defendants to file notice of an *Atkins* claim, specifying any neuropsychological testing performed, and identifying neuropsychological expert(s) who performed the testing;

ECF No. 652, pg. 1.  The government notes that WILSON's motion is styled Motion for an Oder Categorically Exempting Carlo Wilson from the Death Penalty Because He Was Twenty-Two Years Old at the Time of the Alleged Capital Crimes.  ECF No. 931-1.  Counsel for WILSON certainly knew his age when appointed to represent him.  Furthermore, co-counsel for WILSON filed this

4

identical motion in a separate Federal Death Penalty (FDPA) case ten months ago, which was denied. *See United States v. Fell*, No. 5:01-CR-00012 (D. Vt. Jul. 3, 2018) ECF No. 1532 and ECF No. 1642 (Aug. 20, 2018), attached as Exhibit A. The government further notes that WILSON's neuropsychologist, Dr. Hunter, examined WILSON on October 12, 2018. See ECF No. 930-3, pg. 2. Consequently, WILSON cannot claim that he was unaware of the salient facts, circumstances, or legal authority on which his motion is based.

      **B.**      **Binding Court Precedent Requires Denial of WILSON's Motion**

In *Roper v. Simmons,* 543 U.S. 551 (2005), the Supreme Court imposed a bright-line rule when it held that the Eighth and Fourteenth Amendment forbid imposition of the death penalty on offenders who were less than 18 years of age at the time their crimes were committed. *Id.* at 578. WILSON suggests that since *Roper*, science has confirmed that many young adults over the age of 18 suffer from some of the same developmental issues as those under the age of 18. However, the *Roper* Court acknowledged and rejected the arguments raised by WILSON:

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. . . . The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the [Eighth Amendment] line for death eligibility ought to rest.

5

*Roper,* 543 U.S. at 574. *Roper* remains binding precedent on this Court and requires the denial of WILSON's motion.

The same argument advanced by WILSON here was also considered and denied by the Sixth Circuit. *See In re Garner*, 612 F.3d 533, 534 (6th Cir. 2010); *In re Phillips*, 2017 WL 4541664 (6th Cir. 2017); *See also United States v. Marshall*, 736 F.3d 492, 498 (6th Cir. 2013) (holding that the only type of "age" that matters is chronological age and that a bright line separating adults from juveniles is required). In *Garner,* the defendant moved for a stay of execution and for permission to file a habeas petition, arguing:

> that the United States Supreme Court's 2005 decision in *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005), precludes the State of Ohio from carrying out his execution because, even though he was nineteen years old when he committed his offenses, "his developmental disabilities, limited IQ, and the horrors of his life caused him to function on the level of a fourteen[-]year-old child."

*Id*. In rejecting that claim, the Sixth Circuit held:

> Although policy arguments may support an extension of the law to prohibit a death sentence for an offender who is developmentally juvenile, *see Henyard v. McDonough*, 459 F.3d 1217, 1248-49 (11th Cir. 2006) (Barkett, J., concurring) ("The mere fact of a defendant's chronological age should not qualify a defendant for death where the measures of capacity render him lacking in culpability."), in this analysis we are confined to a consideration of constitutional law as it presently stands. And there is no new rule of constitutional law that supports Garner's successive habeas application. Similarly, the Fifth Circuit in *In re Neville*, 440 F.3d 220, 221 (5th Cir. 2006) (per curiam), denied permission to file a second or successive habeas petition where the petitioner relied on *Roper* and *Atkins v. Virginia,* 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002), as

creating a new rule of constitutional law making the execution of mentally ill persons unconstitutional. The Fifth Circuit reasoned that "[n]o such rule of constitutional law was created . . . by either *Atkins* or *Roper*." Because Garner cannot make the requisite prima facie showing to justify an order authorizing him to file his successive habeas application, he cannot obtain federal habeas relief on that theory, and a stay of his execution is not warranted.

*Id*.

In *Phillips*, the Sixth Circuit again considered an identical claim. The defendant argued that:

> Extrapolating from these [*Roper* and *Hall*] decisions, Phillips argues that he should not have been eligible for a death sentence. Phillips was 19 years old when he committed the offense that resulted in his capital sentence. At that age, his immaturity and continuing brain development were not that different, he contends, from the teenagers that the Supreme Court determined were ineligible for a death sentence in Roper. Phillips also notes that states with capital punishment recently have seen a marked drop in death sentences for defendants who were under 21 at the time of the offense, reflecting an evolution in society's views on the death penalty. Further, Phillips maintains that, based on *Hall*, it is inappropriate to use a rigid age, such as 18, in determining who is ineligible for a death sentence without allowing consideration of other relevant evidence for offenders of a slightly older age.

*Phillips*, 2017 WL 4541664 * 2. In denying the petitioner's claim to file a second or successive habeas petition, the Court held:

> Further, he does not rely on a new rule of constitutional law that applies to him. While Phillips relies on *Roper*, *Hall*, and related legal authority, none of those cases provide that he is ineligible for a death sentence because he was 19 at the time of his offense. Nonetheless, Phillips specifically contends that *Hall* is a new rule of constitutional law that retroactively applies to him. Although Hall addressed the question of the appropriate standards for determining whether a defendant is ineligible for the death penalty due to intellectual disability, the Court's conclusion in that case does

7

not extend to the issue of an offender's age rendering him ineligible for the death penalty.

*Id.*, at 3. *See also Gabrion v. United States*, No. 1:15-cv-447, 2018 WL 4786310 (W.D. Mich. Oct. 4, 2018) (rejecting claim to extend *Atkins* and *Roper* to the mentally ill or severely mentally ill).

This precise challenge was also rejected in a recent FDPA case. *See United States v. Fell*, No. 5:01-CR-00012 (D. Vt. Aug. 20, 2018) ECF No. 1642. In that FDPA case, the defendant filed a motion for an order categorically exempting him from the death penalty because he was twenty years old at the time of the alleged capital crimes. *See United States v. Fell*, No. 5:01-CR-00012 (D. Vt. Jul. 3, 2018) ECF No. 1532. In rejecting the claim, the Court held:

> The difficulty for this court in adopting the defense proposal- that "where society draws the line" concerning eligibility for the death penalty should move from 18 to 21- lies less in the matter of proof than in the question of stare decisis. Stare decisis is shorthand for the obligation of all courts to accept settled precedent as authoritative in most cases. It applies to federal trial courts which must follow the directives of the Supreme Court. *See United States ex rel. Schnitzler v. Follette*, 406 F.2d 319, 322 (2d Cir. 1969) ("[T]he district court is required to follow a binding precedent of a superior court .... "). A novel constitutional question may get a novel answer at the trial court level, but a Supreme Court decision which resolves an issue will be followed by the lower courts. The same considerations led to this result on the same issue when it was previously presented in Fell's case. *See United States v. Fell*, 944 F. Supp. 2d 297, 351 (D. Vt. 2013) ("Current Supreme Court precedent ... prevents this Court from moving that line (the age 18 limit set in Roper], or transforming it into a set of developmental factors.").

8

*Fell*, No. 5:01-CR-00012 ECF No. 1642, Exhibit A, pg. 3-4.

The same argument has also been raised, and rejected, in other cases. *See e.g., Doyle v. Stephens*, 2013 WL 3456782, *4 (5th Cir. July 10, 2013) (rejecting argument that *Roper* stands for the proposition that the Eighth amendment prohibits applying the death penalty to one who is "developmentally" a minor); *Jasper v. Thaler*, 466 Fed. Appx. 429, 438 (5th Cir. 2012) (holding defendant was over the age of eighteen at the time he committed the murder so *Roper* was inapplicable on its face); *In Re Garner*, 612 F.3d 533, 534-35 (6th Cir. 2010) (rejecting motion to stay execution based on *Roper* founded on argument that although chronologically defendant was nineteen, and so an adult, at the time of the offense, developmentally, he was like a fourteen-year-old).

Likewise, the California Court of Appeals considered the argument of a defendant who, a month past his 18th birthday, committed a murder and sexual assault. *People v. Adams*, 2017 WL 1208669 (Cal. Ct. App. 2017) (unreported). Although not subjected to the death penalty, he was denied a youth offender parole hearing, in contrast to those who committed their crimes before age 18. The defendant argued that denying him this hearing was cruel and unusual punishment because "youth is more than a chronological fact." Id. at *4. The defendant cited *Hall* in support of his argument. *Id*. The California Court of Appeal rejected the idea that *Hall* required that the defendant be treated as a juvenile, and noted that

9

the defendant has provided "no basis for ignoring binding United States Supreme Court precedent on point." *Id.*

Oddly, WILSON invites this Court to dilute the bright-line rule of *Roper* based on yet another case that draws a sharp distinction between adult and juvenile offenders, as measured by chronological age. In *Miller v. Alabama*, 567 U.S. 460 (2012), the Court prohibited mandatory sentences for life without the possibility of parole for offenders under the age of 18 at the time they committed murder. A bevy of federal courts have rejected similar arguments invoking *Miller*. *See United States v. Marshall*, 736 F.3d 492, 498 (6th Cir. 2013) (holding that the only type of "age" that matters is chronological age and that a bright line separating adults from juveniles is required); *Cruz v. Munoz*, No. 2:16-CV-00498, 2017 WL 3226023, at *6 (E.D. Cal. July 31, 2017); *Martinez v. Pfister*, No. 16-CV-2886, 2017 WL 219515, at *5 (N.D. Ill. Jan. 19, 2017); *Meas v. Lizarraga*, No. 15-CV-4368, 2016 WL 8451467, at *14 (C.D. Cal. Dec. 14, 2016); *Bronson v. Gen. Assembly of State of Pa.*, No. 3:16-CV-00472, 2017 WL 3431918, at *5 (M.D. Pa. July 17, 2017); *White v. Delbalso*, No. 17-CV-443, 2017 WL 939020, at *2 (E.D. Pa. Feb. 21, 2017).

The lone outlier to federal courts to have considered *Miller* is the case of *Cruz v. United States*, No. 3:94-cr-00112-JCH, 2018 WL 1541898 (D. Conn. Mar. 29, 2018), which rejected the above cases, and applied the *Miller* rule to an 18-

year-old defendant. In the face of the cases holding to the contrary, the *Cruz* decision holds little persuasive weight. Additionally, the case itself noted that, "On the facts of this case, [this court] need not decide whether *Miller* also applies to a 19-year-old or a 20-year-old, as Cruz was 18 years old at the time of his crime." Id. at *18. Although asked to draw a line at the age of 21, the *Cruz* court specifically declined to go any further than was necessary to decide the defendant's petition. Thus, to the extent *Cruz* is persuasive, its analysis is limited to the 18-year-old defendant in that case. WILSON was not 18 years old at the time of the brutal murders he committed; he was 22 years old. Further, the *Cruz* decision was rejected by the only federal court to have considered it thus far. *See Heard v. Snyder*, 2018 WL 2560414, *2-3 (E.D.M.I. June 4, 2018). At that, the *Cruz* court has stayed the resentencing it ordered in March, pending resolution of a Second Circuit Appeal in *United States v. Lopez-Cabrera* (2d Cir. Case No. 15-2220(L)). *See United States v. Cruz*, Dase No. 3:94-cr-00112-JCH, Docket Entry 2082 (July 25, 2018, D. Conn.). *Roper* compels the conclusion that WILSON, as a 22-year-old, is not subject to categorical exemption from the death penalty. Recent cases do not call *Roper* into question. Thus, WILSON's motion must be denied.

### C. The Jury Will Be Able to Consider WILSON's Youth as a Mitigating Factor

WILSON is entitled to an individualized decision of his sentence, and he will receive one. The jury will be aware of WILSON's age and may consider

mitigating factors related to his age. See 18 U.S.C. § 3591(a)(8); *Eddings v. Oklahoma*, 455 U.S. 104, 110-12 (1982). WILSON is not entitled to an exemption from the death penalty based on the argument that he is the developmental equivalent of a juvenile. However, WILSON may certainly argue that his relative youth should sufficient mitigate his conduct that the government cannot justify a sentence of death. See 18 U.S.C. § 3593(c).

## CONCLUSION

The government requests that the Court deny WILSON's Motion for an Extension of Time to file a proposed Motion For An Order Categorically Exempting Carlo Wilson From The Death Penalty Because He Was Twenty-Two Years Old At The Time Of The Alleged Capital Crimes. [ECF Nos. 931 and 931-1]. If the Court grants the motion, the government reserves the right to file a response more fully addressing the issues raised in the motion.

                                          Respectfully submitted,
                                          MATTHEW SCHNEIDER
                                          United States Attorney

                            By     *s/James Peterson*
                                            James Peterson
                                            Bar ID: VA 35373
                                            Trial Attorney
                                            Capital Case Section
                                            Criminal Division
                                            United States Department of Justice
                                            1331 F Street, N.W.

        6th Floor
Washington, DC 20530
James.D.Peterson@usdoj.gov
Phone: (202) 353-0796
Fax (202) 353-9779

LOUIS CRISOSTOMO
ROBERT MORAN
ANDREW PICEK
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2019, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

        */s/ James D. Peterson*
James D. Peterson
Trial Attorney