## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 2:16-CR-20460 |
| vs. | ) | |
| | ) | HON. MARK A. GOLDSMITH |
| | ) | |
| D-2   CARLO WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO WILSON'S
## MOTION TO STAY PROCEEDINGS [ECF No. 1014]

COMES NOW the United States of America, by and through its attorneys,

Matthew Schneider, United States Attorney and Louis A. Crisostomo, Robert

Moran, and Andrew Picek Assistant United States Attorneys, and James Peterson,

Department of Justice Trial Attorney and files this response in opposition to

Defendant WILSON's Motion to stay proceedings in his case pending this Court's

ruling on his competency to stand trial.  ECF No. 1014.  The Motion for Order

should be denied for several reasons.  First, there has been no finding that

WILSON is incompetent to stand trial.  Second, no compelling evidence has been

produced to establish, even preliminarily, that WILSON is incompetent to stand

trial.  Third, the case law cited by WILSON in support of his motion does not

support his claim.  *See Ryan v. Gonzales*, 568 U.S. 57 (2013).  WILSON's motion

should be denied.

## BRIEF IN SUPPORT

### I.   BACKGROUND

On June 22, 2016, a federal grand jury returned the Indictment in this matter, charging two defendants, EDWIN MILLS and CARLO WILSON, with multiple counts of Murder in Aid of Racketeering, Assault with a Dangerous Weapon in Aid of Racketeering, and related firearms charges. ECF No. 1.

On June 25, 2019, WILSON filed a motion claiming that he is incompetent to proceed with the *Atkins* hearing or trial.  ECF No. 965.  In support of the competency motion, WILSON voluntarily disclosed a competency report by his own psychiatrist, Dr. George Woods.  In that voluntarily disclosed mental health report, Dr. Woods discusses details about his observations of the attorney-client interaction, and conversations, between counsel and WILSON.  *See* ECF No. 965-1.  The government did not agree that WILSON was incompetent, but did not oppose an evaluation.  On July 3, 2019, the Court granted WILSON's motion and referred the defendant to MCC Chicago for a competency evaluation.  ECF No. 976.  WILSON has been transported and is currently located at MCC Chicago to undergo his Court ordered competency evaluation.  See BOP inmate locator, attached as Exhibit A.

On July 22, 2019, WILSON filed a motion seeking to preclude the government from contacting or communicating with the competency evaluators.

ECF No. 999.  Specifically, WILSON requests that the Court order the

government:

> (3)   That MCC-Chicago evaluator(s) be prevented from speaking with the
>       United States Attorney's Office for the Eastern District of Michigan,
>       its agents or counsel for the Department of Justice about the
>       assessment and treatment of Mr. Wilson.

ECF No. 999, pg. 6.  The government replied on August 2, 2019 before its filing

deadline objecting to the defense request.  *See* ECF No. 1017.  In that opposition,

the government pointed out that Courts routinely authorize the government to have

contact with the competency examiner to provide information to adequately

examine competency issues.  *See* ECF No. 1017, pg. 16.  Courts have denied

similar requests and allowed substantial contact with the competency examiner.

*See United States v. Dylann Roof*, Crim. No. 2:15-472-RMG (D. S.C., Nov. 7,

2016) ECF No. 559 ("Counsel for the parties may submit any information to [the

evaluator] they deem relevant to the competency evaluation); *United States v. Gary*

*Lee Sampson*, Criminal No. 1:01-cr-10384 (D. Mass., Jun. 6, 2014) ECF No. 1365

(the government shall provide for the use of the examiner copies of relevant

evidence); *United States v. William Merriweather*, 2:07-CR-00243-RDP-JEO-1

(D. Ala., Jan. 5, 2010), Docket order granting the motion of the United States to

forward to the Bureau of Prisons material necessary for the evaluation of the

defendant; *United States v. Loughner*, 11-cr-187, (D. Ariz. Mar. 21, 2011) ECF

No. 165 ("the Government's position, driven by the advice of the Chief of

Psychiatry for the Federal Bureau of Prisons. . . .  The Government also consulted

with Dr. Saul J. Faerstein . . . In advance of the examination, the Government shall

provide the MRC staff with all information in its possession that it deems relevant

to the question of Mr. Loughner's competency").  Nevertheless, because of the

pendency of WILSON's motion to prohibit contact, the government has not

provided materials or information to MCC Chicago or the examiner, not even the

publicly available mental health reports available on PACER.  *See* ECF No. 814

(*Atkins* Notice); ECF No. 930 (*Atkins* Claim with mental health reports); ECF No.

965 (Competency motion with defense expert report); ECF No. 971 (government

response to *Atkin*s claim with mental health reports).  The government maintains

that the competency evaluator should have access to these materials, and more, as

soon as possible.  WILSON's motion seeking to preclude any contact between the

examiner and the government threatens to unnecessarily delay the competency

evaluation process.[1]

Approximately two weeks before WILSON filed his incompetency claim,

Dr. Denney met with and interviewed WILSON concerning his *Atkins v. Virginia*

claim.  *See* ECF No. 971-1.  At that meeting, WILSON completed a battery of

---

[1] The government respectfully requests that the Court deny WILSON's motion to keep confidential competency related matters (ECF No. 999) so that the government can expeditiously and thoroughly address competency issues to the Court.

psychological tests and responded to Dr. Denney's questions about his upbringing and personal history.  On June 11 and 12, 2019, WILSON was able to discuss in detail his personal history and events that took place more than a decade before the interview.  *See* ECF No. 971-1.  In short, although not a competency mental health evaluation, nothing in Dr. Denney's comprehensive interview or testing suggested or supported a claim that WILSON is incompetent to stand trial.

A competency motion was also made in a recent Federal death Penalty Act case, yet none of the actual trial proceedings were stayed.  *See United States v. Gary Sampson*, No. 1:01-cr-10384 (D. Mass).  An oral motion for a competency examination was made on October 27, 2016 and was supplemented by a written motion.  *See United States v. Gary Sampson*, No. 1:01-cr-10384 (D. Mass, Oct. 31, 2016) ECF No. 2627.   The motion was made in the middle of voir dire and voir dire continued after the motion was made.  *See id.*, at ECF No. 2619, *see also* Competency Order ECF No. 2895.  The Court referred the defendant for an evaluation and did not find the defendant competent until January 30, 2017.  See ECF No. 2895.  Nevertheless, the trial proceeded notwithstanding his competency claim.  *See*, for example, transcripts of trial ECF Nos. 2880-2292.  Significantly, as it relates to WILSON, the defendant continued to file motions and actively litigate his capital defense.  *See* ECF No. 2636 (Defense Motion to Prohibit Certain Improper Comments in Government Opening Statements to Gary Sampson); No.

2638 (Defendant's Renewed Motion to Dismiss the Indictment and/or Jury Venire and Reconstitute Jury Wheel to Conform with Statutory Requirements); 2640 (Defendant's Motion to Dismiss the Jury Panel Due to Juror Misconduct and Possible Taint and Memorandum in Support as to Gary Lee Sampson).  *See also United States v. Roof*, 2:15-cr-00472-RMG-1 (D. S.C.) ECF No. 581 et. seq.

## II.    LAW AND ARGUMENT

WILSON's motion is not supported by federal constitutional, statutory, or case law.  In fact, WILSON's request runs counter to the express language of the cases he cites in support of his motion.

First, the government notes that WILSON has not been found to be incompetent and has offered no compelling evidence at this juncture that he is incompetent.  The government recognizes that WILSON has disclosed a report by his expert stating that he is incompetent.  See ECF No. 965-1.  That report, however, is fundamentally inconsistent with the information gathered by government expert Dr. Robert Denney just two weeks previously.  See ECF No. 971-1.  The government notes that no jail records or preliminary medical or mental health documents have been produced that lend support to WILSON's claim.  In fact, pending is WILSON's motion to preclude the government from having contact with prison staff, or from obtaining any such information that could

support or detract from his competency claim, even at this juncture.  See ECF Nos. 999 and 1017.

WILSON's claim is also unsupported by the legal authority he cites. WILSON first cites *Carter v. Bradshaw*, 644 F.3d 329, 336 (6th Cir. 2011) in support of his motion noting that it was reversed on other grounds *by Ryan v. Gonzales*, 568 U.S. 57 (2013).  WILSON does not, however, address the fact that the district court in Carter held a hearing and determined that the defendant (habeas petitioner) was incompetent.  *Carter*, 644 F. 3d at 331 (The district court held a competency hearing on May 1, 2006 and the parties agreed that the petitioner was not able to fully and articulately communicate with his counsel).  Here, in contrast, the government does not agree that WILSON is incompetent and have offered some evidence in the form of the Denney report that he is in fact competent. Second, WILSON does not address the fact that the central holding in *Carter* was the Sixth Circuit's holding that "Instead of dismissing Carter's petition without prejudice and prospectively tolling the AEDPA statute of limitations, the district court should have followed the path taken in *Rohan*, a similar case that the district court cited . . . that habeas proceedings should be stayed until the petitioner is found to be competent to proceed."  *Id.*, at 336.  It was this holding the Supreme Court took issue with in reversing the Sixth Circuit.  *Gonzales*, 568 U.S. at 75 ("Consequently, these claims do not warrant a stay").  Accordingly, although the

government does not dispute that the Court has inherent authority to stay

proceedings, the case cited by WILSON does not support his claim for a stay here.

In fact, the Supreme Court case reversing *Carter v. Bradshaw*, 644 F.3d 329

(6th Cir. 2011) cuts directly against WILSON's argument.  *See Ryan v. Gonzales*,

568 U.S. 57, 66 (2013).  The Supreme Court in *Gonzales* held that a habeas

petitioner was not entitled to a stay of proceedings even though he had been found

to be incompetent.  *Gonzales*, 568 U.S. at 77 (Where there is no reasonable hope of

competence, a stay is inappropriate and merely frustrates the State's attempts to

defend its presumptively valid judgment).  In so holding, the Supreme Court

stated:

> In Gonzales' case, the District Court correctly found that all of Gonzales'
> properly exhausted claims were record based *or resolvable as a matter of
> law*, irrespective of Gonzales' competence.14 617 F. Supp. 2d, at 863; *see
> also State v. Gonzales*, 181 Ariz. 502, 509-515, 892 P. 2d 838, 845-851
> (1995) (adjudicating Gonzales' claims on the merits).  The court therefore
> denied Gonzales' motion for a stay. The District Court did not abuse its
> discretion in so holding, because a stay is not generally warranted when a
> petitioner raises only record-based claims subject to 28 U.S.C. §2254(d).

*Id*., at 75 (emphasis added).  Accordingly, to the extent that any motion, or motion

*in limine*, or proceeding involves a purely legal question, a stay is unnecessary.

The District Court in *Gabrion v. United States*, No 1:15-cv-447, 2018 WL

4786310 (W.D. Mich., Oct. 4, 2018) was even more forceful in that habeas appeal

of a Federal Death Penalty Act conviction and sentence:

> In *Ryan v. Gonzales*, 568 U.S. 57, 133 S. Ct. 696, 184 L. Ed. 2d 528 (2013),
> the Supreme Court held that a federal habeas petitioner does not have a
> statutory right to stay his habeas proceedings when he is incompetent.
> *Id.* at 64. Instead, "the decision to grant a stay, like the decision to grant an
> evidentiary hearing, is 'generally left to the sound discretion of district
> courts.'" *Id.* at 74 (*quoting Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.
> Ct. 1933, 167 L. Ed. 2d 836 (2007)). The Supreme Court declined to specify
> the "precise contours" of the district court's discretion to issue stays,
> but it did address the "outer limits" of that discretion. *Id.*  A stay is "not
> generally warranted" when the claims are "only record-based" or "resolvable
> as a matter of law, irrespective of [the petitioner's] competence." Id. In
> addition, an indefinite stay is always inappropriate because it would
> "'frustrate[] AEDPA's objective of encouraging finality by allowing a
> petitioner to delay the resolution of the federal proceedings.'"

*Gabrion*, No 1:15-cv-447, 2018 WL 4786310 *102.  The government suggests that

many motions or proceedings, such as capital case related motions *in limine*, are

capable of being filed and litigated during the pendency of any competency

hearing and involve purely legal issues.

   WILSON next cites to *Medina v. California*, 505 U.S. 437, 448 (1992) in

support of his claim that the proceedings, pre-competency hearing, should be

stayed.  The issue in *Medina* was not, however, whether a court could, or should,

stay all pre-trial proceedings in advance of an actual competency hearing.  Rather,

the issue in *Medina* was "whether the Due Process Clause permits a State to

require a defendant who alleges incompetence to stand trial to bear the burden of

proving so by a preponderance of the evidence." *Medina*, 505 U.S. at 439.

Consequently, *Medina* offers no support for WILSON's claims in his motion to

stay these proceedings.

10

WILSON next cites to *United States v. Hernandez-Mejia*, No. CR 05–0469, 2007 WL 5685125 (D.N.M. Sept. 4, 2007) in support of his motion.  ECF No. 1014, at 4.  *Hernandez-Mejia* does order a stay of the court proceedings pending the competency hearing, but does so without reference to any specific legal authority.  Rather, the Court simply holds:

> The Court is also sensitive to the inconvenience and expense delaying the trial without another firm trial setting may have on the United States.  The Court must, however, balance this imposition against Hernandez-Mejia's right to due process and, specifically, his right to assist in his own defense during the entire time preceding any trial date.  Because the Court does not believe that setting another date at this time, and forcing Hernandez-Mejia to begin preparing for a trial during a period of time when he may not be competent to assist his counsel adequately, is fair to Hernandez-Mejia, the Court will grant his request to stay the proceedings and will not reset a trial date at the present time.

*Id.*, at *3.  Consequently, although the holding in the case is the one WILSON seeks here, there is no legal discussion or case specific analogy to WILSON.

Lastly, WILSON cites to this Court's own order in *United States v. Dellinger*, No. 4:12-cr-20542 (E.D. Mich. Dec. 3, 2012), ECF No. 18 in support of his motion to stay.  A copy of the Court's *Dellinger* order is attached as Exhibit B. The government suggests that the *Dellinger* case and order provides no support for WILSON's position for the simple reason that the motion was agreed and the parties "agree[d] that Trial in this matter should be adjourned pending completion of the examination."  *Id.*, at pg. 2.

The government suggests that more appropriate authority is *Gabrion v. United States*, No. 1:15-cv-447, 2018 WL 4786310 (W.D. Mich., Oct. 4, 2018) in which the district court refused to stay the capital habeas proceedings pending the outcome of a competency hearing.  Although decided in the context of a habeas appeal (as was *Carter v. Bradshaw* cited by WILSON), the court declined to stay the proceedings pending the outcome of the competency hearing.  The court noted that "A stay is 'not generally warranted' when the claims are 'only record-based' or 'resolvable as a matter of law, irrespective of [the petitioner's] competence.'" *Id*. Consequently, the government suggests that a stay of all proceedings is unwarranted in the absence of any incompetency finding.

## Conclusion

The government requests the Court deny WILSON's Motion to stay proceedings in his case pending this Court's ruling on his competency to stand trial.  ECF No. 1014.


Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney


By     *s/James Peterson*
       James Peterson
       Bar ID: VA 35373
       Trial Attorney

Capital Case Section
Criminal Division
United States Department of Justice
1331 F Street, N.W.
6th Floor
Washington, DC 20530
James.D.Peterson@usdoj.gov
Phone: (202) 353-0796
Fax (202) 353-9779

LOUIS CRISOSTOMO
ROBERT MORAN
ANDREW PICEK
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2019, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

*/s/ James D. Peterson*
James D. Peterson
Trial Attorney