UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN MILLS, et al.,

    Defendants.

_____/

Case No. 16-cr-20460

HON. MARK A. GOLDSMITH

## ORDER
## DENYING DEFENDANT CARLO WILSON'S MOTION LIMITING USE OF MENTAL COMPETENCY EVIDENCE (Dkt. 999)

This matter is before the Court on Defendant Carlo Wilson's motion for an order that any confidential matters disclosed for purposes of a mental competency evaluation and hearing cannot be used against him for any other purposes (Dkt. 999). The Government has filed a response in opposition to the motion (Dkt. 1017), to which Wilson replied (Dkt. 1036).[1] For the reasons discussed below, the Court denies the motion.

On June 25, 2019, Wilson filed a motion for a mental competency hearing under 18 U.S.C. § 4241 (Dkt. 965). In support of that motion, Wilson submitted a report from Dr. George W. Woods, Jr., in which Dr. Woods opines that Wilson is not presently competent to stand trial (Dkt. 965-1). The Court granted the motion on July 3, 2019, finding that there was reasonable cause to believe Wilson may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial, and it directed the U.S. Marshals Service to transport Wilson to Metropolitan Correctional Center ("MCC") Chicago for a mental competency evaluation. See

---

[1] Because oral argument will not aid the Court's decisional process, Wilson's motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

7/3/2019 Order at 1-2 (Dkt. 976). For purposes of that evaluation, the Court also ordered the following:

> (1) That a psychiatrist or psychologist at MCC Chicago be directed to examine the mental condition of Wilson, see id. §§ 4241(a),(b), 4247(b);
>
> (2) That the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) Wilson's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether Wilson is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, see 18 U.S.C. §§ 4241(b), 4247(c); and
>
> (3) That the examiner shall promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, see id. § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order.

Id. at 1-2.

Wilson now seeks to limit the use of any disclosures he makes during the course of the mental competency evaluation, as well as various protections from disclosure to the Government of certain information Wilson's counsel provides to the evaluators at MCC Chicago. The Court will address Wilson's requests in turn.

**A. Limiting Use of Wilson's Statements Elicited During the Evaluation and Derivative Evidence for the Purpose of Determining Mental Competency Only**

To protect his Fifth and Sixth Amendment rights, Wilson argues that "any and all information" elicited from him during the mental competency evaluation, including statements and evidence derived from those statements, "be limited in use to the competency proceeding and that it not be used in any other way or at any other stage of the proceedings." Def. Mot. at 5. In support of this request, Wilson primarily relies on Rule 12.2(c) and caselaw applying that rule. See generally id. at 7-15. Rule 12.2, however, "does not deal with the issue of mental competency to

stand trial." Fed. R. Crim. P. 12.2 advisory committee note. Because Wilson's situation is controlled entirely by 18 U.S.C. § 4241, the specific protections afforded by Rule 12.2 are inapplicable. United States v. Thompson, 462 F. App'x 561, 565 (6th Cir. 2012).

Nevertheless, the Fifth Amendment may still preclude the use of Wilson's mental competency evaluation evidence at trial. See United States v. Nguyen, 962 F. Supp. 1221, 1225 (E.D. Cal. 1997). Thus, the Court agrees with Wilson that, in accordance with his privilege against self-incrimination under the Fifth Amendment, the Government's use of any evidence derived from the mental competency evaluation is limited to determining whether Wilson is competent to stand trial, unless Wilson uses that evidence during either the guilt or penalty phase of the trial. See id.; see also Savino v. Murray, 82 F.3d 593, 604 (4th Cir. 1996) ("[A] defendant has no Fifth Amendment protection against the introduction of mental health evidence in rebuttal to the defense's psychiatric evidence."). Although Wilson states that he "has not endorsed a mental defense at trial," see Def. Reply at 3, Wilson has not expressly stated that he will not use any mental competency evidence outside the context of the competency hearing.

Moreover, while a criminal defendant has a Sixth Amendment right to the assistance of counsel before submitting to any mental health examination that represents a "critical stage" of that defendant's prosecution, Estelle v. Smith, 451 U.S. 454, 468-470 (1981), in this context, the right "at most requires that defense counsel be informed of the 'nature and scope' of the evaluation and put 'on notice' that he would have to anticipate the prosecution's use of the mental exam if he raised a 'mental status defense.'" Thompson, 462 F. App'x at 564 (quoting Buchanan v. Kentucky, 483 U.S. 402, 424-425 (1987)). Here, both of those preconditions are met, so there could be no Sixth Amendment violation.

3

Until Wilson has affirmatively decided whether he will use any mental competency evidence outside the context of the competency hearing, his request for an order limiting the use of such evidence at this juncture is premature and denied without prejudice.

**B. Additional Safeguards**

Wilson also requests five additional safeguards "to ensure the integrity of the competency proceedings and to protect Mr. Wilson's constitutional rights." Def. Mot. at 5-6.

First, Wilson requests that MCC Chicago "provide defense counsel, only, copies of Mr. Wilson's central, medical and psychological files from the date of his detention at the facility up to the date that he is transferred back to any facility in Michigan." Def. Mot. at 5-6. Wilson does not explain why production of these files is necessary for purpose of this Court determining whether Wilson is mentally incompetent at a subsequent hearing. Nor does Wilson discuss the necessity of limited disclosure based on the unknown contents of these files. To the extent Wilson is concerned about any potential incriminating evidence contained in those files being used against him in a subsequent proceeding, he should file a motion in limine at that time. This request is denied.

Second, Wilson requests that "the production of records to defense counsel be made every two weeks for the time he is at MCC-Chicago." Def. Mot. at 6. Again, without knowing why these records must be produced, Wilson cannot (and did not) explain why bi-weekly production is necessary for determining whether Wilson is mentally incompetent. This request is denied.

Third, Wilson requests that the evaluators at MCC Chicago "be prevented from speaking with the United States Attorney's Office for the Eastern District of Michigan, its agents or counsel for the Department of Justice about the assessment and treatment of Mr. Wilson." Def. Mot. at 6. Wilson provides no authority for this request. Nor does he explain why communication between

4

his counsel and MCC Chicago is permitted, but such communication with the Government threatens the integrity of the competency proceedings. This request is denied.

Fourth, Wilson requests that MCC Chicago "be required to deliver to the Court and counsel for Mr. Wilson only any and all reports regarding Mr. Wilson's competency so as to permit defense counsel 7 days to file any <u>ex parte</u> Fifth and Sixth Amendment constitutional objections to the report and prior to any disclosure to the Government." Def. Mot. at 6. Because the Court has already ordered that an examiner at MCC Chicago prepare a psychiatric or psychological report following an evaluation, Wilson's request is inconsistent with the plain language of § 4247(c), which states that the examiner's report "<u>shall</u> be filed with the court with <u>copies provided</u> to the counsel for the person examined and <u>to the attorney for the Government</u>." 18 U.S.C. § 4247(c) (emphasis added). Moreover, the proper method of ensuring his Fifth Amendment rights are protected is to file a motion in limine. <u>Thompson</u>, 462 F. App'x at 564. This request is denied.

Fifth, Wilson requests that "any disclosures by defense counsel to an examiner at MCC-Chicago are not allowed to be used for any purpose other than to determine whether Mr. Wilson is presently able to assist counsel and rationally able to communicate with counsel about his case." Def. Mot. at 6. Although this request is similar to the one addressed in Section A of this order, Wilson provides no caselaw that disclosures made by defense counsel, as opposed to the defendant, cannot be used for purposes beyond a mental competency hearing. Nevertheless, this limitation may well be reasonable. However, like his other request limiting the use of mental competency evidence, this request is premature and denied without prejudice.[2]

---

[2] Wilson requests for the first time in his reply brief that his testimony or interview upon which the mental competency examiner's report is based be video recorded under 18 U.S.C. § 4247(f). <u>See</u> Def. Reply at 7. Section 4247(f), however, only allows the Court to "order a videotape record made of the defendant's testimony or interview upon which the <u>periodic report</u> is based pursuant to <u>subsection (e)</u>" (emphasis added). And the "periodic reports" under § 4247(e) are prepared on

5

Accordingly, for the reasons discussed above, Wilson's motion to limit the use of competency information (Dkt. 999) is denied without prejudice as to limiting Wilson's or his counsel's statements and disclosures used in the determination of Wilson's competency. The motion is denied with prejudice in all other respects.

SO ORDERED.

Dated: August 19, 2019               s/Mark A. Goldsmith
    Detroit, Michigan            MARK A. GOLDSMITH
                                                                                  United States District Judge

---

a semiannual basis for persons who have been <u>committed</u> under § 4241. 18 U.S.C. § 4247(e)(1)(A); 18 U.S.C. § 4241(d) (providing that if the defendant is found to be incompetent, "the court shall commit the defendant to the custody of the Attorney General"). This request is denied.