# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 2:16-CR-20460 |
| vs. ) | |
| ) | HON. MARK A. GOLDSMITH |
| ) | |
| D-2   CARLO WILSON, ) | |
| ) | |
| Defendants. ) | |

### GOVERNMENT RESPONSE TO DEFENSE MOTION RE: COMPETENCY BURDEN OF PROOF (ECF No. 1212)

COMES NOW the United States of America, by and through its attorneys, Matthew Schneider, United States Attorney and Louis A. Crisostomo, Robert Moran, and Andrew Picek Assistant United States Attorneys, and James Peterson, Department of Justice trial attorney and submits this response to defendant WILSON's Motion for the Court to enter an Order directing that the Government bears the burden of proving Mr. Wilson's competency to stand trial by a preponderance of the evidence, and the standard for determining competency. [ECF No. 1212].

The government reiterates its earlier position and "takes no position as to who bears the burden of proof in any competency hearing for WILSON." See ECF

973. Still, the government does not stipulate that it bears the burden of proof and points out that the most recent authority to directly address the issue affirms the uncertainty within the Sixth Circuit. *See United States v. Carter,* Case No. 1:12-cr-29-CLC-SKL, 2013 U.S. Dist. LEXIS 178086 (E.D. Tenn. Oct. 30, 2013) ("There is no clear answer to the question of who bears the burden of proof to establish pretrial competency"); *United States v. Creekmore*, No. 6:10-CR-06-GFVT-4, 2011 U.S. Dist. LEXIS 141050; 2011 WL 6014473 (E.D. KY, Nov. 14, 2011); *see also United States v. Patel*, 524 F. Supp. 2d 107 (D. Mass. 2007) (discussing circuit split); Comment, *An Incompetent Jurisprudence: the Burden of Proof in Competency Hearings,* 43 U.C. Davis L. Rev. 683 (2009). Furthermore, the government agrees to present the case for competency first, and permit WILSON to rebut the government's case for competency. With respect to the standard for determining competency, the government notes that the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" aspect of the *Drope* standard revolves around the ability to consult with counsel, not the substance of the actual communications. *See United States v. Coleman*, 871 F.3d 470 (6th Cir. 2017).

# **BRIEF IN SUPORT**

## I.    Procedural Background

On June 22, 2016, a federal grand jury returned the Indictment in this matter, charging two defendants, EDWIN MILLS and CARLO WILSON, with multiple counts of Murder in Aid of Racketeering, Assault with a Dangerous Weapon in Aid of Racketeering, and related firearms charges. ECF No. 1.  The homicide related charges are death penalty eligible offenses.  On February 28, 2018, a federal grand jury returned the Second Superseding Indictment. ECF No. 292.  On March 1, 2018, the government filed its Notice of Intent to Seek the Death Penalty against E. MILLS and WILSON.  ECF No. 293.  On June 25, 2019, WILSON filed a motion claiming that he is incompetent to stand trial, and incompetent to participate in an *Atkins* hearing.  ECF No. 965.

## II.   Legal Argument

The government takes no position as to who bears the burden of proof in any competency hearing for WILSON, a case within the Sixth Circuit.  The government further agrees to present evidence first.  The government's legal position concerning who bears the burden of proof within the Sixth Circuit in a competency hearing under 18 U.S.C. § 4241 boils down to the simple statement: the government does not stipulate, concede, or agree that it bears the burden of proof.

There is an absence of clarity concerning whether the Sixth Circuit places the burden on the government to prove competency, the defendant to prove incompetency, or the moving party to bear the burden of proof. *See United States v. Carter,* Case No. 1:12-cr-29-CLC-SKL, 2013 U.S. Dist. LEXIS 178086 (E.D. Tenn. Oct. 30, 2013) ("There is no clear answer to the question of who bears the burden of proof to establish pretrial competency"); *United States v. Creekmore*, No. 6:10-CR-06-GFVT-4, 2011 U.S. Dist. LEXIS 141050; 2011 WL 6014473 (E.D. KY, Nov. 14, 2011) ("framework suggests that the party raising the issue of competency . . . bears the burden of proof"); *United States v. Patel*, 524 F. Supp. 2d 107 (D. Mass. 2007) (discussing circuit split); Comment, *An Incompetent Jurisprudence: the Burden of Proof in Competency Hearings,* 43 U.C. Davis L. Rev. 683 (2009). *See also United States v. Merriweather*, 921 F. Supp. 2d 1265, fn. 14 (N.D. Ala. 2013) (FDPA case in which the court stated "There is a question regarding whether the Government bears the burden of establishing competency, or the defendant bears the burden of establishing that he is incompetent. The language of 18 U.S.C. § 4241 is silent on this point, noting only that the court must find by a preponderance of the evidence that the defendant is incompetent to stand trial"). In *Carter*, the District Court for the Eastern District of Tennessee assigned the burden of proof to the government.

WILSON argues that in "an unpublished opinion, a panel of the Sixth Circuit Court stated that '[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial.' *United States v. Chapple*, No. 94-5048, 1995 WL 6147, at \*2 (6th Cir. Jan. 6, 1995)." ECF No. 1212.  WILSON, however, also concedes that "the Sixth Circuit has not directly ruled in a published opinion that the Government has the burden of proof." ECF No. 1212, pg. 7.  The government notes that it first brought the issue of the burden of proof to the Court's attention, and the government was the first party to cite *Chapple* concerning the burden of proof.  *See* ECF No. 973 ("burden is on United States, though without statutory analysis").

In *United States v. Creekmore*, No. 6:10-CR-06-GFVT-4, 2011 U.S. Dist. LEXIS 141050; 2011 WL 6014473 (E.D. KY, Nov. 14, 2011), the District Court for the Eastern District of Kentucky, Magistrate Judge Ingram sitting, discussed the issue of the burden of proof in a competency hearing in the greatest detail, in a Sixth Circuit case, the government has been able to find.  In total, that discussion is as follows:

> Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).  This framework suggests that the party raising the issue of competency—here the defendant—bears the burden of proof, *see United States v. Rothman*, No. 08-

> 20895- CR, 2010 U.S. Dist. LEXIS 127639, 2010 WL 3259927, at *6 n.4 (S.D. Fla. Aug. 18, 2010) ("The present statute does not speak in terms of whether the government or defendant has the burden of proof; it only mandates that whoever is seeking to prove incompetence has the burden.") (*citing United States v. Izquierdo*, 448 F.3d 1269, 1276-77 (11th Cir. 2006), although the cases are in disagreement as to the burden allocation. Compare *United States v. Chapple*, No. 94-5048, 1995 U.S. App. LEXIS 516, 1995 WL 6147 at *2 (6th Cir. Jan. 6, 1995) (table) (burden is on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden is on the United States) with *United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Although the United States Supreme Court has not directly addressed the burden issue under § 4241(d), the Court has suggested in dicta that the defendant bears the burden. *See Cooper v. Oklahoma*, 517 U.S. 348, 362, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence."). However, the parties in this case stipulated at the competency hearing that the United States has the burden of proof under § 4241. Given that stipulation, the Court finds it unnecessary to resolve the burden issue today. Furthermore, the issue of proper burden allocation is only material "in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent." *Medina v. California*, 505 U.S. 437, 449, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992).

Given the court's language in *Creekmore* and *Carter*, and the Supreme Court's dicta in *Cooper*, which were decided post-*Chapple*, the government does not stipulate or agree that it bears the burden of proof under these circumstances in this case.

Although WILSON cites to several cases holding, in out-of-circuit opinions, that the government bears the burden of proof in a competency hearing, he does not discuss or cite cases making contrary holdings. The Fourth Circuit has adopted

the Supreme Court's statement in *Cooper* that the accused has the burden of proof. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005). So too has the District Court for the District of Columbia. *United States v. Rudisill*, 43 F. Supp. 2d 1, 3 (D.D.C. 1999). Similarly, the Eighth Circuit has held that the burden rests with the defendant to demonstrate that he was not competent to stand trial. *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006). The Tenth Circuit has held that the test of competency under *Dusky* raises issues of fact as to which the defendant has the burden of proof. *United States v. Smith*, 521 F.2d 374, 377 (10th Cir. 1975).

WILSON also cites to *United States v. Merriweather* in support of his motion. ECF No. 1212, pg. 8. A close reading of *Merriweather*, the government suggests, does not support a claim that the Sixth Circuit has assigned the burden of proof to the government in competency cases, or in this case. In *Merriweather*, after briefing the issue of who bears the burden of proof, the "Government indicated that it was prepared to undertake the burden of proof on the issue." *Merriweather*, 921 F. Supp. 2d 1265 at fn. 14. Moreover, Eleventh Circuit precedent seems "to favor placing the burden of proof on the proponent of incompetency." *Carter*, Case No. 1:12-cr-29-CLC-SKL, 2013 U.S. Dist. LEXIS 178086 *21, *citing United States v. Izquierdo*, 448 F.3d 1269, 1276-1277 (11th Cir. 2006). In an earlier ruling, the District Court in *Merriweather* discussed in

detail the status of the law within the Eleventh Circuit concerning the burden of proof in a competency hearing. *See United States v. Merriweather*, Case No.: 2:07-cr-00243-RDP-JEO (N.D. Ala, Jul. 19, 2011) ECF No. 133, attached as Exhibit A. After concluding that "The Eleventh Circuit has not yet answered this question," the Court indicated that, if the government had not accepted the burden, the Court would have placed the burden on the government. *See id*.

1. **Extra-judicial cites**

WILSON also seeks to relax the "high bar" to show incompetency by citing extra-judicial sources. ECF No. 1212, pg. 2 (American Bar Association Criminal Justice Mental Health Standards and Melton et al., Psychological Evaluations for the Courts). Rather, the government suggests, the standards for a competency determination are those stated by the Supreme Court as well as the Sixth Circuit. *See Dusky v. United States*, 362 U.S. 402 (1960); *Drope v. Missouri*, 420 U.S. 162 (1975); *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008); *United States v. Coleman*, 871 F.3d 470 (6th Cir. 2017).

2. **Ability to Consult with Counsel – Standard for Determining**

Citing non-judicial sources, WILSON also attempts to expand *Drope's* "sufficient present ability to consult with his lawyer with a reasonable degree of

rational understanding" into a multipronged analysis. ECF No. 1212, pg. 3 *citing* American Bar Association Criminal Justice Mental Health Standards, Commentary to Standard 7-4.1—Mental Incompetence to Stand Trial; rules and definitions.

The recent Sixth Circuit case *United States v. Coleman,* 871 F.3d 470 (6th Cir. 2017) is instructive on that precise issue and discusses the "present ability to consult with his lawyer" aspect of competence in great detail.[1] In *Coleman*, the defendant "became 'combative' and 'confrontational' during a meeting" with defense counsel. *Coleman*, 871 F.3d at 472. The defendant subsequently filed non-sensical pleadings challenging the court's jurisdiction arguing that he was "a living man . . . not a corporate fiction." *Id*. After conviction, the defendant argued on appeal that the court erred by "failing to order *sua sponte* a competency evaluation." *Id*., at 474. He argued that his "bizarre statements over the course of multiple hearings and trial, and his interaction with his counsel—as reported by those attorneys—triggered reasonable cause to believe" . . . that he "lacked the ability to consult with counsel to prepare his defense." *Id*. Raising the following points, the defendant argued on appeal that the Court should have *sua sponte* found reasonable cause to order a competency evaluation because he could not consult with his attorney:

---

[1] WILSON also cites *Coleman* approvingly in support of the standard for competency and, specifically, the "present ability to consult with his lawyer" aspect of competence to stand trial. ECF No. 1212, pg. 4.

> The Magistrate Judge Is Forced to Enter a "Not Guilty" Plea on Coleman's Behalf Because Coleman Evinced an Inability to Understand That He Had Been Charged with a Federal Offense.
>
> Coleman Makes Numerous Nonsensical Statements During a Hearing on His First Attorney's Motion to Withdraw.
>
> Coleman Files a Series of Incomprehensible Documents Pro Se, Makes Bizarre Statements to the Jury While Testifying, and Repeatedly Argues With the Prosecutor While Being Cross-Examined.
>
> After Being Convicted, Coleman Asks the Court to Dismiss Attorney Mack, Who Admits That Coleman Was "Paranoid" About Mack's Representation and Generally Refused to Discuss the Facts of the Case with Him.
>
> Coleman's Allocution at Sentencing Suggests Grandiose Thinking.

Appellant's Corrected Opening Brief, *United States v. Coleman*, No. 16-03972 (6th Cir. Mar. 17, 2017) ECF. No. 56, pg. 2. A review of the actual hearing transcripts demonstrates just how significant the communication difficulties were between the defendant and counsel. *See* transcripts of hearing, *United States v. Coleman*, attached as Exhibit B. Nevertheless, in specifically addressing the "ability to communicate with attorneys" aspect of the competency determination, the Court found:

> Defendant also argues that "the evidence here raises a strong inference that [he] lacked the ability to consult with his attorneys and assist them in preparing his defense." In fact, the record reflects just the opposite. While he lacked the desire, he certainly had the ability to communicate. Defendant's refusal to discuss the facts of his case with Mack and further refusal to allow Mack to make arguments on his behalf, demonstrate an unwillingness to communicate, not an inability to communicate. As this court has recognized, "[t]he decision not to speak to one's lawyer is a defendant's prerogative, not a sign of mental incompetence." *Id*. In any

> event, the record reflects that the two did talk. Defendant himself admitted that he "was finally able to communicate with Mr. Mack" before trial, but Mack refused to file a suppression motion. Although Mack stated that Defendant was "pretty paranoid about [his] representation" because Mack was allegedly working for the government and the court, this is not an unusual view among those professing sovereign citizen beliefs. Without more, this does not establish lack of competence. Defendant also asked Mack to read a certain document in open court, which means that he did actually did discuss trial strategy with his attorney.

*Id.*, at 478. Consequently, as *Coleman* makes clear, the focus on "ability to consult with his lawyer" aspect of the competency determination revolves around a defendant's ability to consult, not the actual consultation with counsel, or the substance of the actual communications.

## Conclusion

The government files this as its Response to WILSON's Motion for the Court to enter an Order directing that the Government bears the burden of proving Mr. Wilson's competency to stand trial by a preponderance of the evidence, and the standard for determining competency.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

By   *s/James Peterson*
     James Peterson
     Bar ID: VA 35373

Trial Attorney
Capital Case Section
Criminal Division
United States Department of Justice
1331 F Street, N.W.
6th Floor
Washington, DC 20530
James.D.Peterson@usdoj.gov
Phone: (202) 353-0796
Fax (202) 353-9779

LOUIS CRISOSTOMO
ROBERT MORAN
ANDREW PICEK
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January 2020, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

*/s/ James D. Peterson*
James D. Peterson
Trial Attorney