UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-2 CARLO WILSON,

    Defendant.
_____/

Criminal Action No. 16-20460

HON. MARK A. GOLDSMITH

# OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR ORDER SETTING A DEADLINE FOR A DEAUTHORIZATION DECISION (Dkt. 1436)

Defendant Carlo Wilson is currently awaiting trial on charges of racketeering conspiracy, murder in aid of racketeering, using and carrying a firearm during and in relation to a crime of violence, and assault with a dangerous weapon in aid of racketeering. 2d Superseding Indictment (Dkt. 292). On March 1, 2018, the Government filed a notice of its intent to seek the death penalty against Wilson (Dkt. 293). Wilson subsequently requested that the Attorney General withdraw the death penalty notice. The Attorney General has yet to resolve Wilson's deauthorization request. Wilson now moves for an order setting a deadline for a deauthorization decision (Dkt. 1436). For the following reasons, Wilson's motion is denied.

As relevant here, the United States Department of Justice has established internal policies and procedures to be followed in considering a defendant's request for withdrawal of a death penalty notice. See U.S. Dep't of Justice Manual ("JM") § 9-10.160. Under these procedures, a committee within the Department—the Capital Review Committee—must evaluate the

withdrawal request. Id. However, "[t]he Attorney General shall make the final decision on whether to direct the withdrawal of a notice of intention to seek the death penalty . . . ." Id.

By its express terms, the JM "provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." Id. § 1–1.100. The JM, therefore, provides no procedural rights, but rather is a "mere aid to the exercise of the Justice Department's independent discretion." United States v. Slone, 969 F. Supp. 2d 830, 834 (E.D. Ky. 2013) (punctuation modified) (holding that even if the Department had violated its death penalty authorization protocol, the court could not order the Government to comply with the protocol). Like executive orders, the JM is not judicially enforceable because it is expressly designed only to enhance the Department's internal management. See id. In light of the JM's disclaimer, the Sixth Circuit recognizes that courts may not remedy a violation of those policies. See United States v. Myers, 123 F.3d 350, 355–356 (6th Cir. 1997) ("The U.S. Attorney's Manual is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.") (punctuation modified). Because the JM does not create any substantive or procedural rights, Wilson is not entitled to an order compelling the Government to make a deauthorization decision on the basis of his Fifth Amendment due process right and his Sixth Amendment right to effective assistance of counsel. See United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000) (holding that district court erred in requiring the Government to provide capital-eligible defendants with its completed death penalty evaluation form and prosecution memorandum because, among other reasons, the JM "does not create any substantive or procedural rights, including discovery rights," and, thus, the JM "cannot serve as a legal basis for the district court's discovery order").

The Constitution likewise curtails the Court's ability to intervene in the Department's decision-making process when it comes to withdrawing a death penalty notice. As a general matter, courts may not "encroach[] on the central prerogatives" of a coequal branch. Miller v. French, 530 U.S. 327, 341 (2000). When judicial process and executive prerogative conflict, courts must "resolve those competing interests in a manner that preserves the essential functions of each branch." United States v. Nixon, 418 U.S. 683, 707 (1974). Prosecutorial decisions are a "core executive constitutional function." United States v. Armstrong, 517 U.S. 456, 465 (1996). Decisions within the sphere of traditional prosecutorial discretion include the decision whether to withdraw a death penalty notice. See Slone, 969 F. Supp. 2d at 834 (holding that prosecutorial discretion includes the decision whether to seek the death penalty). Consequently, the separation of powers prevents courts from directing the Attorney General's decision on a request to withdraw a death penalty notice.

Although courts cannot enforce the Department's internal policies or direct its prosecutorial decisions, courts possess the inherent ability to manage their own dockets. Anthony v. BTR Auto. Sealing Sys., Inc., 339 F.3d 506, 516 (6th Cir. 2003). Based on this distinction, some courts have determined that they possess the ability to set a deadline for the Government to decide whether to seek the death penalty. E.g., United States v. Schlesinger, No. CR-18-02719-001-TUC-RCC (BGM), 2019 WL 11853370, at *2 (D. Ariz. Sept. 12, 2019); United States v. Tsarnaev, No. CRIM.A. 13-10200-GAO, 2013 WL 5701582, at *2 (D. Mass. Oct. 18, 2013). Several of these courts have been persuaded to use their inherent docket management authority to set death penalty notice deadlines because a defendant is legally entitled not to stand trial for his life unless the Government files that notice "a reasonable time before the trial." See 18 U.S.C. § 3593(a). Setting a death penalty notice deadline, therefore, can "act[] as a backstop guaranteeing

capital defendants a reasonably speedy process," to which they are entitled by statute. Slone, 969 F. Supp. 2d at 838.

There is no corollary statute requiring the Government to file a withdrawal of a death penalty notice within a "reasonable time" before trial. Consequently, no statute creates a need for the Court to set a deadline to act as a "backstop" to guarantee that a withdrawal is made within a "reasonable time" before trial. Without a statutory mandate to enforce, a court is without warrant to invade the core executive function of withdrawing a death penalty notice.

For all of the above reasons, the Court denies Wilson's motion.

SO ORDERED.

Dated: July 14, 2021                      s/Mark A. Goldsmith
  Detroit, Michigan                       MARK A. GOLDSMITH
                                           United States District Judge