UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

D-1 EDWIN MILLS,
D-2 CARLO WILSON,

      Defendants.
_____/

Criminal Action No. 16-20460

HON. MARK A. GOLDSMITH

### ORDER
### (1) DENYING MOTIONS AND NOTICES MOOTED BY NOTICE OF WITHDRAWAL OF INTENT TO SEEK DEATH PENALTY (Dkts. 759, 791, 814, 930, 982, 994, 1018, 1019, 1020, 1021, 1026, 1027, 1029, 1031, 1032, 1033, 1503); (2) ORDERING SEALED MEMORANDA REGARDING SEALED MOTIONS MOOTED BY THE NOTICE OF WITHDRAWAL; (3) ORDERING SUPPLEMENTAL MEMORANDA REGARDING MOTIONS TO SEVER AND MOTION CHALLENGING JURY CROSS SECTION (Dkts. 553, 554, 1138); AND (4) AMENDING SCHEDULING ORDERS (Dkt. 1462, 1489, 1511)

The Government previously filed a notice of intent to seek the death penalty against Defendants Edwin Mills and Carlo Wilson (Dkt. 293). However, the Government subsequently filed a notice of withdrawal of its notice of intent to seek the death penalty against both Defendants (Dkt. 1515). During a recent status conference, the Court directed the parties to file a stipulation regarding the pending motions and notices that have been mooted by the Government's notice of withdrawal.

The parties have now submitted a stipulation, stating that various motions and notices should either be withdrawn or denied as moot. Because it makes no difference whether these mooted motions and notices are withdrawn or denied as moot, the Court denies as moot the motions and notices identified by the parties (Dkts. 759, 791, 814, 930, 982, 994, 1018, 1019, 1020, 1021, 1026, 1027, 1029, 1031, 1032, 1033). The Court also denies as moot one additional motion not identified in the parties' stipulation: Wilson's supplemental authority in support of his

motion for a pretrial determination that bars the Government from seeking the death penalty against him as a person with intellectual disability (Dkt. 1503).[1]  This motion—like other motions related to Wilson's Atkins motion—are moot in light of the Government's notice of withdrawal.

The parties' stipulation did not address sealed motions.  To the extent that any party has filed motions under seal that may no longer require adjudication by virtue of the Government's notice of withdrawal, that party must file a sealed memorandum stating the party's view on the status of such motions.  The sealed memoranda must be filed by November 18, 2021.

In their stipulation, the parties acknowledged that the briefing for the following motions has not been mooted by the Government's notice of withdrawal but may have been impacted by the notice in terms of the appropriate analysis required or otherwise: Mills's motion to sever (Dkt. 553); Wilson's motion to sever (Dkt. 554); and Mill's motion challenging jury cross selection (Dkt. 1138), for which Wilson has filed a joinder (Dkt. 1139).  The Court will permit the parties an opportunity to address the impact, if any, of the notice of withdrawal on these motions.  Defendants must file supplemental memoranda in support of their respective motions by November 29, 2021.  If the Government wishes to file responses to the supplemental memoranda, it must do so by December 13, 2021.

The parties have agreed that certain dates and deadlines contained in the current scheduling orders (Dkts. 1462, 1489, 1511) are now moot.  Specifically, the parties agree that all dates and deadlines pertaining to the Atkins motion and the penalty phase should be vacated as moot.  The Court agrees.  Accordingly, the Court vacates these dates and deadlines and amends the current scheduling order as follows:

1. **November 22, 2021**: Due date for the Government and Wilson to submit to Chambers and exchange with each other (i) electronic and paper copies of all exhibits they intend to use during the competency hearing, and (ii) witness lists;

---

[1] The Court granted Wilson's motion for leave to file supplemental authority in support of his Atkins motion (Dkt. 1502). Wilson appears to have inadvertently filed this supplemental authority as a motion (Dkt. 1503).

2

2. **November 29, 2021**: Deadline for the Government and Wilson to submit proposed findings of fact and conclusions of law related to the competency hearing;

3. **December 6, 2021**: Competency hearing, 8:30 a.m., to continue day to day until completion;

4. **Seven calendar days following the transcript of the competency hearing being made available to counsel**: Deadline for the Government and Wilson to submit post-hearing proposed findings of fact and conclusions of law related to the competency hearing;

5. **January 10, 2022**: Evidentiary hearing on Wilson's motion to suppress (Dkt. 640), 8:30 a.m., to continue day to day until completion;

6. **April 4, 2022**: Daubert hearing, 8:30 a.m., to continue day to day until completion;

7. **April 11, 2022**: Deadline for parties to exchange lists of witnesses and exhibits intended for trial;

8. **April 25, 2022**: Deadline for parties to submit proposed voir dire questions, trial jury instructions, and joint statement regarding the jury questionnaire;

9. **August 25, 2022**: Due date for Government's offer of proof regarding coconspirator statements or codefendant statements (Dkt. 677) and disclosure of Brady material, unless it is also covered by the Jencks Act, in which case it is due September 23, 2022 (see Dkt. 761);

10. **September 19, 2022**: Final pre-trial conference and plea cutoff date, 8:30 a.m.;

11. **September 23, 2022**: Government must disclose Jencks Act material (see Dkts. 675, 761);

12. **October 24, 2022**: Trial date, 8:30 a.m., to continue day to day until completion.

SO ORDERED.

Dated: November 15, 2021                s/Mark A. Goldsmith
       Detroit, Michigan                MARK A. GOLDSMITH
                                        United States District Judge