UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2 CARLO WILSON,

    DEFENDANT,

NO. 2:16-CR-20460

HON. MARK A GOLDSMITH

**GOVERNMENT'S RESPONSE TO DEFENDANT WILSON'S MOTION TO FILE HIS EXPERT COMPETENCY REPORTS EX PARTE AND UNDER SEAL AND FOR AN EX PARTE IN CAMERA SEALED HEARING TO PRESENT THAT EVIDENCE (ECF No. 1529).**

Carlo Wilson's "Motion to file competency reports ex parte and under seal" and "for an in camera sealed hearing to present that evidence" (ECF No. 1529) should be denied for all of the same reasons this Court previously denied his "Motion for Competency Procedures" that effectively sought the same relief. (ECF No. 1246).

Wilson argues in his motion that the "consequences of an erroneous determination of competency are dire."[1] And yet, Wilson seeks to shield the presentation of his evidence not just from the public, but even from the opposing

---

[1] Although uncited by the defense, this quote appears to come from *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996).

party, preventing any meaningful challenge to that evidence, its veracity, credibility, or bias. Proceedings of such critical importance ought not be decided in an adversarial system with only one party participating and the other ignorant to the proceedings.

Moreover, ex parte proceedings are routinely disfavored. The Sixth Circuit condemns such activities: "Not only is it a gross breach of the appearance of justice when [one party] is given private access to the ear of the court, it is a dangerous procedure." *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992)(internal citation omitted). The Sixth Circuit has stated that "As a general rule of thumb, in all but the most exceptional circumstances, ex parte communications with the court are an extraordinarily bad idea." *United States v. Carmichael,* 232 F.3d 510, 517 (6th Cir. 2000).  This is because "closed proceedings are fraught with the potential of abuse and, absent compelling necessity, must be avoided." *United States v. Barnwell*, 477 F.3d 844, 850-51 (6th Cir. 2007).  The government has previously opposed the relief requested here, and will not repeat those arguments, but incorporates by reference its opposition in its earlier pleading. (*See* ECF Nos. 1179, 1205, and 1261).

The Court should deny Wilson's Motion, particularly because it is nothing more than an untimely motion for reconsideration styled as a new motion, and it does not meet the standards of Local Rule 7.1. Wilson's motion also fails on its merits, for all of the same reasons his previous motion was denied.

The instant motion was filed on November 19, 2021, 23 days after the Court issued its ruling denying Wilson's request for certain sealed ex parte competency proceedings. (ECF No. 1513). Local Rule 7.1(h) requires motions for reconsideration to be filed within 14 days of the order being entered.[2] Wilson's attempt to have the Court reconsider that prior order is untimely.

Even if the motion was filed timely, Wilson has failed to meet the high bar necessary for the Court to grant a motion for reconsideration. "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.Supp.2d 628, 632 (E.D.Mich.2001). Moreover, a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion but were not. *Evanston Ins. Co. v. Cogwell Properties, Inc.*, 683 F.3d 684, 692 (6th Cir.2012). In other words, a motion for

---

[2] Local Rule 7.1(h) was amended on December 1, 2021. The 14-day time limit to seek reconsideration remains unchanged regarding non-final orders.

3

reconsideration does not provide the movant with an opportunity for a "second bite at the apple." Id.

With the December 1, 2021 amendment of Local Rule 7.1(h), the standard for review was modified from requiring a "palpable defect by which the court . . . had been misled" to now requiring that the "court made a mistake . . . based on the record and law before the court at the time of its prior decision." Wilson's motion argues neither and neither circumstance exists here.

This Court previously rejected Wilson's request for conducting part of the competency hearing ex parte and under seal. (ECF No. 1513). Therein, Wilson asked the Court to permit the defense team, including two attorneys and four non-attorneys, to testify in a sealed, ex parte, in camera hearing. Wilson argued this was necessary to preserve his rights under the Fifth, Sixth, and Eighth Amendments. Wilson also argued that such a hearing was required to prevent the disclosure of privileged information.

The Court rightly rejected the constitutional arguments presented, because Wilson cited no case law in support of his argument. Regarding whether such a hearing was required to prevent the disclosure of privileged information, the Court considered sealed declarations from the defense team members which set forth the facts to which they plan to testify. The Court reviewed those declarations and satisfied itself "that the defense team members could adequately describe Wilson's

4

communication and comprehension difficulties without divulging specific details of their conversations" (ECF No. 1513, PageID.17183) and denied the motion.

The instant motion filed by Wilson requests the same relief requested in his previous motion. Wilson wants to submit evidence to the Court in the form of "expert competency reports" and "to present expert testimony concerning Mr. Wilson's competency in an ex parte, in camera, sealed hearing." Wilson once again cites Wilson's Fifth and Sixth Amendment and the attorney-client privilege as his basis for his motion. No claim is made that the substance of these reports nor testimony would be any different from what the defense previously presented in its sealed ex parte declarations to the Court.

Once again, Wilson cites no case law supporting the argument that his Fifth and Sixth Amendment rights are implicated here beyond conclusory statements that they are. Therefore, the Court should, once again, ignore that argument. "Thus, the Court will not further consider Wilson's unsupported argument that his rights under these constitutional amendments are implicated. *Glidepath Holding v. Spherion Corp.*, 590 F.Supp. 2d, 435, 459 n.9 (S.D.N.Y. 2007) ('[T]he Court has no obligation to consider an argument for which a party has cited no legal authority.')." (ECF No. 1513, PageID.17181-2.)

Regarding whether Wilson can rebut the government's evidence regarding his incompetency without disclosing more privileged information than necessary,

5

Wilson simply expands upon his previous arguments, and informs the Court that apparently the Court in *United States v. Green*, No. 98-337(A) (C.D. Cal. Nov. 10, 2005) did in fact hold a sealed, ex parte, in camera hearing. Again, the Court has already decided this issue, aided by sealed ex parte declarations submitted by the defense team.

Wilson also argues, without citation to authority, that "In order to describe in written expert reports and to testify, experts must detail the content of the conversations between counsel and client so as to present evidence of how and why Mr. Wilson is not able to assist counsel and therefore is not competent to stand trial." (Wilson Mot. ECF No. 1529, PageID.17246). Wilson then explains that while *Wilson's experts* did this, Dr. Robin Watkins[3], did not. However, Wilson does not effectively articulate why Wilson's defense team and experts are incapable of testifying about Wilson's ability to assist in his own defense without revealing privileged communications. Especially in light of this Court's previous determination that such testimony is plainly possible after review of the ex parte sealed declarations.

---

[3] Wilson repeatedly refers to Dr. Watkins as the "Government expert." This is a mischaracterization of her role in this case. The Court ordered that Wilson be examined by a psychiatrist or psychologist at MCC Chicago for the purposes of preparing a competency report. (ECF No. 976). Dr. Watkins, who is employed by the Bureau of Prisons and is a Forensic Pyschologist at MCC Chicago is that psychologist. Dr. Watkins was not retained as an expert by the Government.

Wilson also cites *Medina v. California*, 505 U.S. 437, 449 (1992) and *Drope v. Missouri*, 420 U.S. 162, 176-77 (1975) to argue that privilege communications ought to be presented ex parte in camera under seal.  (ECF No. 1529, PageID.17250).  However, the quotations Wilson provides from those cases are taken out of context.  In *Medina*, when the Court noted that "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense" this was to illuminate the importance of the assistance of counsel at a competency hearing, even when a defendant's incompetence itself may limit their ability to assist in that hearing.  And, in *Drope*, when Chief Justice Burger states "it is nevertheless true that judges must depend to some extent on counsel to bring issues into focus," Wilson's insertion of the word "competence" into that sentence belies the context entirely.  While *Drope* did in fact involve issues of competency, Chief Justice Burger's statement was regarding an "inartfully drawn motion for a continuance" that "probably fell short of appropriate assistance to the trial court in that regard." *Drope,* 420 U.S. at 177.  The problem was the motion for a continuance did not adequately explain that competency needed to be resolved before trial.  *Id.*  Put another way, Chief Justice Burger is simply explaining that District Court Judges are not mind-readers, and attorneys have a duty to ensure judges are effectively made aware of such an issue.

The instant motion filed by Wilson is nothing more than a re-hashing and expansion of his previous motion on the same issue this Court already denied. And, additionally, that motion was denied after the Court had the opportunity to review sealed ex parte declarations by the defense team regarding the privileged communications they felt necessary to testify to in a sealed, in camera, ex parte proceeding. That Wilson's defense team has now apparently turned those declarations into "expert competency reports" should make no difference.

Essentially, aside from one District Court in one case in California, all of the law cited by Wilson at best supports the proposition that defense counsel can and should testify at the competency hearing and should do so in a public proceeding where they can be cross-examined and confronted. *See Manning v. State*, 766 S.W. 2d 551 (Tx. 1989) ("Few courts have dealt with the issue of defense attorney testimony in a competency hearing; however, the weight of the authority supports the view that an attorney may testify at a competency hearing without violating the attorney client privilege.") *See also Darrow v. Gunn*, 594 F.2d 767, 774 (9th Cir. 1979); *Malinauskas v. United States*, 505 F.2d 649, 655 (5th Cir. 1974).

This Court previously determined that the government bears the burden of proof on the issue of competency. (ECF No. 1513, PageID.17174). And yet, Wilson seeks an unprecedented opportunity to present reports and testimony of several expert witnesses to the Court in secret, without the public, or even the

8

government being privy to their testimony. The government will then be expected to somehow overcome this defense evidence without even knowing what it is. The absurdity of such a proceeding is obvious, particularly when it involves something so potentially critical to the outcome of a criminal proceeding where the defendant faces substantial possible punishment.

In reality, Wilson's motion is simply an untimely motion for reconsideration of the Court's previous order. His arguments fail now for the same reasons they failed before. As such, Wilson's motion should be denied.

                                Respectfully Submitted,

                                SAIMA S. MOHSIN
                                Acting United States Attorney

                                */s/ Andrew R. Picek*
                                ANDREW R. PICEK
                                ROBERT A. MORAN
                                Assistant United States Attorneys
                                211 W. Fort Street, Suite 2001
                                Detroit, MI 48226
                                Phone: (313) 226-9652
                                E-Mail: andrew.picek@usdoj.gov
                                Bar No. OH0082121

Date: December 17, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2021. I had the foregoing electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                              */s/ Andrew R. Picek*
                                              ANDREW R. PICEK
                                              Assistant United States Attorney
                                              211 W. Fort Street, Suite 2001
                                              Detroit, MI 48226
                                              Phone: (313) 226-9652
                                              E-Mail: andrew.picek@usdoj.gov
                                              Bar No. OH0082121